# Re Road in Upper St. Clair and Snowden Townships.

While it is undoubtedly the duty of road viewers, under the act of June 13, 1836, to report among other things, "whether the road desired be necessary for a public or private road," they need not report in the very words of the act. A substantial compliance is sufficient.

Where the petition states that the petitioners "labor under great inconvenience for want of a public road" between the terminal designated in their petition, it is a substantial finding that the road is necessary for a public road if the viewers report that "after due consideration and diligent inquiry as to the necessity of the said road, they are of opinion that the prayer of the petitioners should be granted for the reasons set forth in their petition," and "have therefore located and distinctly marked upon the ground and do recommend for public use the following described road," etc.

(Argued November 16, 1886. Re-argued October 24, 1887. Decided November 7, 1887.)

October Term, 1886, No. 227, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Certiorari to the Quarter Sessions of Allegheny County to review proceedings on the laying out of a public road. Order reversed.

NOTE.—See *Re* Road, 114 Pa. 627, 7 Atl. 765. To return that there is occasion for the road shows the necessity for a public road. *Re* York Twp. Road, 17 York Legal Record, 13.

November 10, 1885, the following petition was presented to the court of quarter sessions of Allegheny county:

"The petition of the undersigned inhabitants of the townships of Upper St. Clair and Snowden, in said county, respectively, showeth: That your petitioners labor under great inconveniences for want of a public road to lead from Upper St. Clair station in the township of Upper St. Clair, to the intersection of Christian Walther's private road with the road leading to Bethel church, in the township of Snowden. Your petitioners therefore pray the court to appoint proper persons to view and lay out the same according to law; and they will ever pray," etc.

Viewers were duly appointed and reported as follows:

"We, the undersigned persons, appointed . . . respectfully report:

"That, having met on the third day of December, 1885, pursuant to legal notice, and being duly sworn according to law, all the viewers being present, we have viewed the route of the above-described road and part of the country adjacent thereto, and after due consideration and diligent inquiry as to the necessity for said road, are of the opinion that the prayer of the petitioners should be granted for the reasons set forth in their petition.

"We have, therefore, located and distinctly marked upon the ground, and do recommend for public use the following described road, to wit: [describing it].

"The undersigned further report that they endeavored to procure from all owners of property over which said road passes releases in writing from all claims to damages that may arise from opening the same, and failed to procure such releases. And having taken into consideration the advantages to be derived by said owners, we have assessed the damages sustained by P. Mink at $50.

"All of said damages to be paid by the county of Allegheny. We also annex a plot or draft showing courses and distances and noticing briefly the improvements through which said road passes. All of which is respectfully submitted.

"In testimony whereof, . . ."

The report was presented and approved December 12, 1885, and December 29, 1885, exceptions were filed thereto.

On the hearing of such exceptions, the court below, MAGEE, J., delivered the following opinion: .

This case is before the court on exceptions filed to the report of viewers.

. It is not the purpose of the court to enter into a discussion of any of the exceptions except the third, which sets forth that the viewers' report does not state particularly that the road desired is necessary for a public or a private road.

It is an essential requisite that the report shall state that the road is necessary and the omission of the viewers to so find and report is a fatal defect to the proceedings. By the 2d section of the act of June 12, 1836 (Brightley's Purdon, page 1496, pl. 3) ·it. is provided that the viewers shall make report and state particularly (*inter alia*) (3) whether the road desired be necessary for a public or private road.

. The language of the report on this subject is as follows: "And after due consideration and diligent inquiry as to the necessity ·for said road, are of the opinion that the prayer of the petitioners should be granted for the reasons set forth in their petition."

Upon referring to the petition for the "reasons set forth" therein we find it stated that the petitioners "labor under great inconvenience for want of a public road," but find no allegation that it is necessary. In our opinion, the viewers have failed to report the road to be necessary, in conformity to the requirements of law; that the viewers did not intend so to report might, with some force, be contended, in view of the testimony taken upon that point under a rule of court, and filed in the case. The omission may have been accidental, or may have been the full extent to which they were willing to give expression on the subject. However that may be, it requires that the report on that account shall be set aside.

. Exception sustained. Report set aside.

The assignments of error, *inter alia,* specified the action of the court in sustaining such exception.

*Alex. Gilfillan,* for plaintiffs in error.—It is a sufficient compliance with the law as to necessity, if the report of the viewers shows that they have laid out a road for public use. *Re* Road, 17 Serg. & R. 388; *Re* Road, 4 Pa. 337; *Re* Road, 4 Brewst. (Pa.) 57.

Or, in case of a private road, if the viewers return a road for private use. *Re* Road, 2 Grant (Pa.) 204.

HUSTON, J., delivering the opinion in *Re* Road, 17 Serg. &

R 388, said: "The report does not state any adjudication or necessity, but merely states that they have laid the 'following road for public use.' Nothing but a determination to give as much opposition to this road as possible could have suggested this objection. The viewers are, nay, generally must be, plain farmers; it never could be supposed mere technical formality was required from such men. The report must state distinctly whether they decide on a public or private road; if that appears plainly in their report, it is sufficient; no one can mistake this report."

*Morton Hunter,* for defendants in error.—The act of assembly requires that the viewers shall state particularly in their report whether the road be necessary for a public or private road, and this court has so held. *Re* Road in South Abington Twp. 33 Pittsb. L. J. 467.

OPINION BY MR. JUSTICE STERRETT:

While it is undoubtedly the duty of road viewers, under the act of June 13, 1836, to report, among other things, "whether the road desired be necessary for a public or private road," it has never been held that they must do so in the very words of the act. A substantial compliance with its provisions is all that is required.

In this case, the petitioners say they "labor under great inconvenience for want of a public road" between the termini designated in their petition; and the viewers report, *inter alia,* that "after due consideration and diligent inquiry as to the necessity for said road, they are of opinion that the prayer of the petitioners should be granted, for the reasons set forth in their petition," and "have therefore located and distinctly marked upon the ground and do recommend for public use the following described road," etc.

This, as was held in *Re* Road, 114 Pa. 627, 7 Atl. 765, is a substantial finding that the road petitioned for is necessary for a public road. In same case it was also decided that, as artist in road viewers, the county surveyor may be represented by his duly appointed deputy.

There is no merit in either of the specifications of error.

Order, sustaining exceptions and setting aside report of viewers, reversed; and it is now ordered that the exceptions be dismissed and report of viewers confirmed absolutely; and it is further ordered that the costs be paid by exceptants.