# Hassler's Appeal.

After money has been paid in pursuance of an erroneous decree of the orphans' court, the decree cannot be so altered or amended as to make a party to it liable to pay the money a second time.

APPEAL by the executors of Joseph Hassler, from the decree of the orphans' court of *York* county of the 7th of August 1835.

In 1813, Christian Hassler died intestate seised of real estate in the county of York, and leaving a widow and eight children, among whom was a daughter, Margaret, then a minor.  On the 5th of November 1813, the orphans' court, on the petition of one of the sons, (Christian) awarded an inquest to make partition of the real estate of said deceased.  The inquest divided said land into several tracts, one of which, marked No. 1, was valued at 4091 dollars.

On the 10th day of May 1814, the orphans' court decreed No. 1 to Joseph Hassler, son of said Christian Hassler deceased, in the following manner: and it is further ordered and decreed by said court, that the said Joseph Hassler pay unto Magdalena, the widow of said deceased, yearly the sum of 81 dollars 91 cents during her life; that he retain in his hands 340 dollars 38 cents, in full of his share of the valuation of said tract of land; that he pay unto Peter Hassler, Christian Hassler, Michael Hassler, George Hassler, John Hassler, Margaret Hassler and Mary Hassler, or unto the guardian of such of them as are minors, each the sum of 340 dollars 77 cents, and after the death of the widow, the further sum of 170 dollars 38 cents in one year, with interest from date, in full of their respective share in said valuation money of tract No. 1.  Same day Joseph Hassler and Jacob Coleman acknowledged a recognizance to secure said money.

On the 13th of April 1818, Joseph Hassler paid to Frederick Glatfetter, husband of Margaret, one of the daughters of Christian Hassler, the said sum of 340 dollars and 77 cents and interest, and executed to the said Frederick a bond with surety for the 170 dollars 38 cents, payable after the widow's death, on which suit was brought and judgment recovered in 1829 against Joseph Hassler, whereupon the said Frederick Glattfetter executed a full release to said Joseph for all money due under said decree.

On this bond suit was brought and judgment recovered against said Joseph, before the amendment of said decree hereafter mentioned.

On the 6th of August 1833, George Byertz stated by affidavit to the orphans' court, that the said Margaret died intestate in January or February 1814, before the said real estate was decreed to Joseph

[Hassler's Appeal.]

Hassler, leaving to survive her a daughter, named Polly, with whom he is intermarried; that in the decree of the land to Joseph, the name of Margaret, who was dead, is used, and a share decreed to her instead of her daughter and heir, Polly. Whereupon the court granted a rule on all the heirs and all 'other persons interested in the estate of Margaret Hassler, to appear on' the 17th of September next, to show cause why the share decreed to Margaret should not be decreed to Polly, now Polly Byertz, the only child of Margaret.

April 8th, 1834, in the matter of the rule on those interested in the estate of Margaret Glatfetter, to show cause why the name of Polly Byertz should not be inserted in the place of Margaret Hassler, the court, at the instance of John Evans, Esq., direct an issue to the district court on the petition, to try the facts.

George Byertz *v.* Frederick Glattfetter. In the district court of York county, March term 1834, issue directed by the orphans' court to try the truth of the facts stated in the affidavit of George Byertz, presented to the orphans' court on the 6th of August 1833.

And now, to wit, November 22d, 1834, a jury of the county being sworn, do say that they find for the plaintiff, November 26th, 1834, judgment absolute.

In the orphans' court of York county, April 7th, 1835, in the matter of the estate of Christian Hassler deceased, on motion of John Evans, Esq. the rule of the 6th of August 1833, is made absolute, and the decrees on No. 1 and 3 of said estate are directed to be amended according to the finding of the jury, by inserting in the place of said Margaret's name, the name of Polly, now Polly Byertz, the only child of said Margaret.

At the time of the decree of the orphans' court awarding the inquest to make partition, Margaret Hassler was the wife of Frederick Glattfetter; the said Frederick is still living.

May 8th, 1815, letters of administration were granted to Frederick Glattfetter on the estate of his deceased wife, Margaret, late Margaret Hassler. To August term 1815, Frederick Glattfetter brought a suit as administrator of his wife Margaret, on the recognizance in the orphans' court, against Joseph Hassler. On the 8th of August 1815, Joseph Hassler confessed judgment, and in March 1816 paid the amount of said judgment to Margaret Hassler's administrator, Frederick Glattfetter.

Errors.

1. That the orphans' court erred in altering the decree of 1814, twenty years after the money had been paid under it, by Joseph Hassler.

2. That said decree of the 7th of April 1835, is erroneous even if the court had power to make it, inasmuch as Frederick Glattfetter in any state of facts is entitled to the money or its interest during his life.

3. That Joseph Hassler, or his executors, should have been made

a party to the issue granted by the orphans' court and subsequent proceedings.

*Lewis*, for appellant.
*Evans*, contra.

PER CURIAM.—The decree had, by relation, become part of the recognizance; and to alter the one, was to alter the other. To do that, required a stretch of power as palpable as that which was the subject of judicial animadversion in Catlin *v.* Robinson, 3 *Watts* 373. There, a title was attempted to be destroyed; here, a debt is attempted to be fixed on a party by means of a contract into which he had not entered, and this, too, after the money had been paid to another under a decree of the same court which attempts to fix him with payment of it a second time. It certainly ought not to repair the consequences of its blunders at his expense. But were the money still in his hands, nothing in the guise of an amendment could make him liable on a recognizance he had not acknowledged; and to alter an instrument is to make it a new one, because the alteration would give it a new legal effect. For this reason an altered instrument is always laid as a new one in an indictment of forgery, no notice being taken of it as having existed before in another form. In a case like the present, to vacate the decree, would render it necessary to vacate the recognizance and take out a new one conformably to the alteration introduced; and when that could not involve the debtor in a mispayment, we see no reason why it might not be done. Even that, however, was unnecessary. The husband of the deceased daughter was tenant by the curtesy of the land and consequently tenant by the curtesy of the money into which it was turned; so that payment could be rightfully made but to him in the first instance, though in his own right and not as her administrator. All that remained to be done, therefore, was to exact security of him that the principal, at his death, should be paid over entire to his child; and this the court ought to have done. The order to amend and the amendment made are vacated; and the decree, as originally pronounced and recorded, is affirmed.

Decree accordingly.