O'Hara Township Road. Appeal of Western Pa. R. R. et al.

[Marked to be reported.]

*Road law—Report of viewers—Designation of termini.*

A report of viewers and draft accompanying the report, which simply indicate the proposed road as starting from an undesignated and undescribed place on the side or margin of a road, and ending at an undesignated and undescribed place on a street, are fatally defective. Designating a point in a public road as near a borough or township line or near the corner of a property owner seems to be too indefinite.

A petition for a road prayed that viewers be appointed to view and lay out a road " to begin at a point on the Pittsburgh and Freeport road, near corner of land of Mary Cyphers, and extending thence to a point in the northerly end of Eighteenth street in the borough of Sharpsburg near the line between said borough of Sharpsburg and said township of O'Hara." The viewers reported that they located and distinctly marked on the ground a road "beginning at a point on the Pittsburgh and Freeport road near corner of land of Mary Cyphers," then follow the courses and distances, " to a point in the northerly end of Eighteenth street in the borough of Sharpsburg near the line between the borough and township of O'Hara." In the draft annexed to the report two parallel lines at one end were marked " Pittsburgh and Freeport road," and two other parallel lines at the other end were marked " 18th Street." The courses and distances of

the proposed road were given on the draft, beginning at the side of the Pittsburgh and Freeport road and ending in Eighteenth street; but there was no indication on the draft of any point of beginning, at any particular place, on the line of that road, or of any point of ending, at any particular place, on Eighteenth street. *Held*, that the proceedings were fatally defective.

*Plot or draft—Failure to note improvements.*

Where a report states that a plot or draft of the road is returned " showing courses and distances, and noticing briefly the improvements over which it passes," but in fact no improvements whatever are noted either in the report or in the plot, the proceedings will be set aside in the Supreme Court.

*Exceptions—Matters on face of record—Appeal.*

Exceptions as to matters appearing on the face of the record may be filed after final confirmation of the report; but the refusal of the court below to permit the exceptions to be filed nunc pro tunc does not deprive the exceptants of their right to assign error in the decree on appeal to the Supreme Court, where the record itself sustains the exceptions.

Argued Oct. 27, 1892. Appeal, No. 54, Oct. T., 1892, by the Western Pennsylvania R. R. Co., and the Pennsylvania R. R. Co., from order of Q. S. Allegheny Co., March T., 1892, No. 3, confirming report of viewers. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Petition for road view.

From the record it appeared that the petition was filed and viewers were appointed on April 18, 1891. June 6, 1891, report of viewers confirmed nisi. No exceptions were filed and the report was confirmed absolutely on Oct. 10, 1891, and an order was issued and placed in the hands of the supervisor to open the road as laid out. On Nov. 28, 1891, the petition of the Pennsylvania Western R. R. Co. and the Pennsylvania R. R. Co. was presented, alleging: "1. That the petitioners are the owners in fee simple of a strip of land crossed by the road laid out by the viewers upon which was constructed and operated a line of railway. 2. That the petitioners neither had any notice, or knowledge of any kind, of the meeting of the viewers, nor of any other steps in this proceeding until the supervisors entered upon their property to open the road long after the confirmation of the report of viewers, and praying that the order confirming the report of viewers absolutely be

rescinded, and that the petitioners have leave to file the following exceptions nunc pro tunc: (1) That no notice was given to the petitioners, and that they had no knowledge of these proceedings nor any opportunity to appear before the viewers. (2) That the road was unnecessary. (3) The viewers did not endeavor to obtain releases from petitioners, and the report does not show that any attempt was made to obtain releases. (4) The termini of the road are not sufficiently defined in the petition nor in the report of viewers. (5) That the western terminus of the road as shown by the plot is not the same as the western terminus set forth in the written report. (6) That no improvements are noted in the report of viewers nor in the draft. (7) That the road provides for a grade crossing over the railroad at a point which is wholly unnecessary and extremely dangerous."

A rule to show cause why exceptions should not be filed, nunc pro tunc, was granted, but was subsequently discharged. Other facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) confirming report, quoting decree; (2) not setting aside report and quashing proceedings, for the reason that the termini of the road are too vague and indefinite; (3) not refusing to confirm the road, and not setting aside report of viewers for the reason that the report of viewers does not note the improvements upon the lines of said road as required by law.

*George B. Gordon, William Scott* with him, for appellant.— Under the circumstances of this case the appellants should have been allowed to file their exceptions.

Neither the report of the viewers nor the draft accompanying the report sufficiently indicated the termini of the road: Bean's Road, 35 Pa. 281 ; Lower Merion Road, 58 Pa. 67.

Neither in the report of viewers nor in the plot attached thereto are the improvements noted, and as it appears from the report of viewers that there are improvements upon the line of the road, the defect is fatal upon certiorari: Bellevernon Road, 41 Leg. Int. 368 ; Road from Buttonwood Lane to Green Street, 13 S. & R. 445.

*A. B. Reid, A. V. D. Watterson* with him, for appellee.— All that the law requires is reasonable certainty in defining

the points where the road shall begin and end, and that the road, as laid out, shall begin and end substantially at the points designated in the petition : Springfield Road, 73 Pa. 127 ; Second Street in Columbia, 23 Pa. 346 ; New Hanover Road, 18 Pa. 220.

It does not appear from the report that there were improvements upon the line of the road. What the viewers do say in their report is that they note " briefly the improvements over which it passes," and that is exactly what they have done in their plot.

The route between the extreme termini of a road is exclusively for the viewers : McConnell's Mill Road, 32 Pa. 285.

After absolute confirmation of the report of viewers, it is too late to take exceptions which are purely technical : Verona Road, 21 W. N. 534.

OPINION BY MR. JUSTICE GREEN, January 3, 1893 :

In the petition for the view in this case the beginning and ending points of the road in question are thus described : " To begin at a point on the Pittsburgh and Freeport road, near corner of land of Mary Cyphers, and extending thence to a point in the northerly end of Eighteenth street in the borough of Sharpsburg near the line between said borough of Sharpsburg and said township of O'Hara."

In the report the viewers return that they have located, and distinctly marked on the ground, a road " beginning at a point on the Pittsburgh and Freeport road near corner of land of Mary Cyphers," then follow the course and distances, " to a point in the northerly end of Eighteenth street in the borough of Sharpsburg near the line between the said borough and township of O'Hara."

In the draft annexed to the report two parallel lines at one end are marked " Pittsburgh and Freeport road," and two other parallel lines at the other end are marked " 18th Street." The courses and distances of a proposed road are given on the draft, beginning at the side of the Pittsburgh and Freeport road and ending in Eighteenth street. But there is no indication on the draft of any point of beginning, at any particular place, on the line of that road, nor of any point of ending, at any par-

ticular place, on Eighteenth street. The proposed road simply starts from an undesignated and undescribed place on the side or margin of the Pittsburgh and Freeport road, and ends at an undesignated and undescribed place on Eighteenth street. Neither the name nor the property of Mary Cyphers appears anywhere on the draft. No line or corner of her land, or of any land is marked or indicated in any manner whatever, either near or remote from the beginning point, or anywhere at all on the entire draft. No end of Eighteenth street is indicated at the terminal point, no borough of Sharpsburg is in any manner indicated and no boundary line between the borough and the township of O'Hara appears in any manner on the draft. It is impossible to say from the draft whether the end of the road is in the borough or the township, or whether it is anywhere near the line between them. It is not possible to know from the draft whether the proposed road has been laid out in accordance with the beginning and ending points as described in the petition and in the report, or in entire disregard of them. Nothing in the nature of a mark on the ground appears at either end of the road as laid out, and no connection between the beginning and ending points of the draft and those of the petition and report can be discovered. That these are fatal defects in the petition, report and draft is too plain for argument. They are much more serious in the degree of their uncertainty than were the similar defects in Bean's Road Case, 35 Pa. 280. Mr. Justice STRONG, delivering the opinion of this court, there said: "The viewers report in favor of a road commencing between two designated localities at some considerable distance from each other; but they do not report at what point between those localities the beginning shall be, nor is there any more certainty in the description of the other terminus. That is reported to be in a public road leading from said former road to Shaffer's tavern between the points within mentioned. Here also is a large margin. The road may end at any point in the road between the dwelling-houses of Walters and Geissinger, either on the land of the one or on that of the other. This is altogether too uncertain. Had either terminus been fixed, the uncertainty of the other might not perhaps have been fatal. The courses and distances would have made the other terminus ascertainable. . . . But how

are the supervisors to know where to open this road? At what point in the road between the houses of Ephraim Geissinger and Jacob Walters are they to commence or end? How far shall the other terminus be from the lines of Newcome and Witman, or from Clewell's house? The duties of supervisors in opening new roads are ministerial, not discretionary. They are bound to locate the road where the court of quarter sessions has ordered it to be. There must, therefore, be certainty in the description. . . . That certainty is wanting here."

In the present case, the difficulties in the way of answering such questions as the above are still greater. What is " near corner of land of Mary Cyphers?" Is it ten feet, or a hundred feet, or five hundred feet? Is the corner, one made with the road, or with other land? On which side of the corner is the beginning point, east or west? Is the beginning point on land of Mary Cyphers, or on some other person's land? Presumably, it would not be on her land, as, in that event, the petition or report would have said so. But, if not on her land, it must be on the land of some one else, and, if such is the case, that person ought to be named. At the other end, the description is no better, rather worse. It is " a point in the northerly end of Eighteenth street in the borough of Sharpsburg, near the line between said borough of Sharpsburg, and said township of O'Hara." How near this line is the ending point to be? There is nothing to indicate this distance, and the word " near " is altogether indefinite. On which side of the line is the ending point? Is it in O'Hara township or in the borough? The petition and report say that Eighteenth street is in the borough, but where is the ending point to be? If it be said that the language means that it also is to be in the borough, the reply is that that meaning is too uncertain. It does apply to the location of the street, but it does not, with any certainty at all, apply to the ending point. There is no monument referred to from which the ending point can be determined, and there is no measurement given of the distance from the ending point to the dividing line.

In the case In Re Road in Lower Merion, 58 Pa. 66, we said, AGNEW, J.: " The termini of a projected road are its designation and its only means of identification. . . . This court will quash a certiorari that does not state the beginning

and ending of the road. . . . The termini furnish the only means of tracing the road, and thus become important to the titles of land affected by the road laid out over them. . . . And, if the viewers fail to describe the termini of the road as viewed and located, it is fatal."

The report further stated that the jury returned a plot or draft of the road " showing courses and distances and noticing briefly the improvements over which it passes." In point of fact, no improvements whatever are noted. The railroad is not an improvement as to the land of the owners. Not a name of any owner is given, not a line marking the boundaries between properties is to be found on the draft. That there were improvements must be inferred from the report which says they are noticed. In point of fact, they are not noticed.

In the case of Bellevernon Road, 41 Leg. Int. 358, it was said by Mr. Justice TRUNKEY: " By the act of 1836, viewers are required to note briefly the improvements through which the road may pass. . . . When the viewers fail to make notes of the improvements, the report may be sent back for that purpose; but the court is not bound to send it back. In this court, when nothing appears to indicate the existence of the improvements, it will be presumed there were none, for the statute does not command a note that the land is unimproved. But such presumption may be rebutted by the assessment of damages and other matters, and then the omission is fatal."

The report of the viewers that they had noticed the improvements rebuts the presumption that there were none, and, therefore, the omission to note them is fatal.

The objection that it was too late to file exceptions after final confirmation is without merit. These exceptions are to matters appearing on the face of the record, and as they are fatal to a decree of confirmation, error may be assigned in this court, although no exceptions were filed in the court below. Bean's Road, 35 Pa. 280. It is a mistake to say that the exceptions sought to be filed in this case were merely technical. They were to matters of substance, fatal if sustained, and they are to matters apparent on the record. We think the learned court below should have permitted them to be filed nunc pro tunc, but the refusal to do so does not deprive the appellants of their right to assign error in the decree, in this court, because the

record itself sustains the exceptions, and they are fatal to a decree of confirmation.

The decree of the court below is reversed, and all the proceedings are set aside at the cost of the appellees.