## In re Williams Street.    Appeal of John Barry.

*Road law—Appeal from report of viewers—Act of May 16, 1891, sec. 6.*

An appeal from report of viewers in the extension of a street will be stricken off if it is not filed within thirty days after filing of the viewers' report, as required by section 6 of the Act of May 16, 1891, P. L. 75, though filed before the report be confirmed.

Argued May 1, 1899.    Appeal, No. 140, Jan. T., 1898, by John Barry, from order of C. P. McKean Co., Oct. T., 1897, No. 302, striking off appeal from report of viewers.    Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from report of viewers.

On September 13, 1897, the city of Bradford filed its petition in the court of common pleas of McKean county, asking for the appointment of viewers to assess the cost, damage and expense of opening and extending Williams street in the city of Bradford, from Davis street to Rosedale avenue.    Viewers were appointed who made a report allowing John Barry, the appellant, the sum of $425 damage for injuries sustained by him, by reason of opening said street through his land, and assessing him $200 for benefits received thereby.    This report was filed in court December 13, 1897, in accordance with the Act of Assembly approved May 16, 1891, P. L. 75, and an order was then made by the court requiring notice to be given in accordance with the provisions of said act.    This notice was given as required, and proof of the publication of the same was filed in court February 7, 1898.    On January 8, 1898, John Barry, the appellant, appealed from the report of viewers and this appeal was filed in the court of common pleas of said county, on January 17, 1898,

which was thirty-five days after the filing of the report of viewers.

A rule to show cause why the appeal should not be stricken off, and the report confirmed, was, on March 17, 1898, made absolute, for the reason that it was not taken within thirty days after the filing of the report, and the report was confirmed absolutely on that date.

*Error assigned* was the order of the court.

*Eugene Mullin*, of *Mullin & Mullin*, for appellant.—The appeal was taken within the time required by act of assembly, and inasmuch as the report had not been confirmed, no one was injured or affected in any way by reason of a few days' delay in filing it in court: Nescopeck Twp., 14 W. N. C. 559; Gwinner v. Lehigh & Del. Gap R. R. Co., 55 Pa. 126.

If the appellee has himself been guilty of laches, his motion to strike off a defective appeal will not be regarded with favor: Schlager v. Horn, 4 Kulp, 357.

*F. P. Schoonmaker*, for appellee, was not heard, but cited in his printed brief: Meyers v. Borough of South Bethlehem, 149 Pa. 85; Nescopeck Twp., 14 W. N. C. 559; Gwinner v. Lehigh, etc., R. R. Co., 55 Pa. 126.

PER CURIAM, May 15, 1899:

We are all of opinion that the sixth section of the Act of May 16, 1891, P. L. 75, was correctly construed by the learned judge of the court below, and hence there was no error in striking off the appeal because it was not taken and filed within the time prescribed by said act. To have held otherwise would have been an attempted judicial amendment of the act in question.

Decree affirmed and appeal dismissed at appellant's costs.