## Road in Dunbar Township.   Appeal of C. B. Nemon et al.

*Road law—The petition is the foundation of the record—Requisite certainty as to termini.*

In road proceedings the petition for view lies at the foundation of the record, and it must state the beginning and ending of the proposed road. The termini must be fixed and described with reasonable accuracy. If either terminus is fixed, uncertainty as to the other may be cured if the courses and distances of the road as located make the other terminus ascertainable, but where the courses and distances and one terminus are uncertain the defect is fatal.

*Road law—Power of court to quash order to open road for fatal defects of record.*

The court may review its own record and quash the proceedings after the expiration of the term at which the order confirming the report of the viewers became absolute, although the time for the exercise of discretionary powers is passed. For fatal error apparent on the face of the record, a court may quash its own writ of execution at any time during the life of the process, and where it is apparent from the face of the record that a terminus and the courses and distances of a road are uncertain, the court may quash an order to open a road although such action is fatal to the whole proceedings.

Argued April 17, 1899.   Appeal, No. 38, April T., 1899, by C. B. Nemon et al., from decree of Q. S. Fayette Co., Dec. Sessions, 1896, No. 1, Road Docket, quashing proceeding and orders to open in a road case.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by W. D. PORTER, J.

Motion to quash proceedings and order to open a road laid out by the report of the viewers.   Before MESTREZAT, P. J.

It appears from the record that the petition of the inhabitants of Dunbar township praying for a public road was duly

filed, viewers appointed who made their report, which was confirmed nisi and became absolute on the expiration of the first week of the June sessions, 1897, of the court. An order to open the road was issued to counsel for petitioners, the date of which is not shown, and on September 3, 1897, a duplicate order to open was issued to one of the petitioners. On October 12, 1897, the county commissioners presented a petition in court praying that the confirmation of the report of viewers be stricken off, in pursuance of which a rule was granted on petitioners to show cause why the said confirmation should not be stricken off. Some testimony was taken and filed upon this rule. On February 14, 1898, before any action was taken by the court on said rule, a motion to quash the proceedings was filed by the attorney for said commissioners and others. On April 4, 1898, the court discharged the rule to show cause why the confirmation of the report of viewers should not be stricken off, and sustained the motion to quash the proceedings. C. B. Nemon et al. appealed.

*Error assigned* was to the order of the court as follows : " And now, April 4, 1898, after consideration, and for the reasons given in the opinion herewith filed, the rule to show cause why the confirmation of the report of the viewers should not be stricken off is discharged and the costs accruing on said rule is directed to be paid by the county of Fayette. It is further ordered and directed that the motion to quash the proceedings be sustained and the proceedings are quashed ; the petitioners for the proposed road to pay the costs, except those accruing on the rule to strike off the confirmation of the report of the viewers."

*James R. Cray*, with him *D. W. McDonald*, for appellants.— After final confirmation of the report of viewers, the road then became a lawful public road or highway, and any presumption arising in the case should be in favor of the regularity of the proceedings.

Where a person affected with notice of the proceedings from the beginning has allowed the time for having them reviewed on appeal to expire, he cannot accomplish the same object by moving the court to strike off the order of confirmation :

Road in North Franklin Twp., 8 Pa. Superior Ct. 358; Adams Township Road, 130 Pa. 190; In re Road in Salem, 103 Pa. 250.

The learned court erred in holding that the petition was too vague as to the termini of the road. All that the law requires is reasonable certainty: Cassville Borough Road, 4 Pa. Superior Ct. 511; Springfield Road, 73 Pa. 127.

Where the description of the termini of a public road is substantially the same in the petition, order and report, the report will not be set aside for mere inversion of the route: North Lebanon Township Road, 3 Pa. C. C. R. 401.

*R. F. Hopwood*, for appellee.—The court had authority to quash the proceedings after final confirmation: O'Hara Township Road, 152 Pa. 319.

In the case at bar the termini being both vague and uncertain the proceedings should be quashed: Bean's Road, 35 Pa. 280; Road in Lower Merion, 58 Pa. 66.

OPINION BY W. D. PORTER, J., February 16, 1900:

The report of viewers purporting to locate the road in question was returned to March sessions, 1897, and was, on March 1, 1897, approved and confirmed nisi by the court and the width of the road fixed. No exceptions having been filed, the approval and confirmation of the report of viewers became absolute at June sessions, 1897. After the expiration of June sessions an order to open the road was issued but was not executed and the road has never in fact been opened. While this order was outstanding the commissioners of Fayette county presented a petition praying the court to strike off the confirmation of the report, alleging reasons which presented only questions of fact and expediency; and the county commissioners and the supervisors of the township joined in a motion to quash the proceedings. The motion to quash set forth some grounds which involve the merits of the proceeding and are not to be considered, but it was, in part, founded upon matters which appear upon the record. The learned court below quashed the proceedings and from that order we have this appeal.

The defects in the record alleged in the motion to quash were substantially:

1. That the termini of the road were not fixed with reasonable certainty.

2. That the proceedings were irregular and did not conform to the requirements of the acts of assembly regulating the location and opening of roads.

The latter allegation would embrace any fatal defect apparent upon the face of the report of viewers and order to open the road.

In road proceedings the petition for view lies at the foundation of the record, and it must state the beginning and ending of the proposed road. The termini must be fixed and described with reasonable accuracy. The termini of the road as located by the viewers must be in substantial compliance with the petition, and the order to open the road must be in strict accordance with the report of viewers. If either terminus is fixed, the uncertainty as to the other may, perhaps, not be fatal, for the courses and distances of the road as located may make the other terminus ascertainable, but where the courses and distance and one terminus are uncertain the defect is fatal. In the present case the petition fixed the beginning at "a point in county road below Ferguson station B. & O. R. R." without more. This would answer for any point on that road, however distant from the village or the station, and was glaringly uncertain. It was not helped out by the report of viewers, which describes it as "a point in the public road in Dunbar township near Ferguson station;" but whether this "public road" is the "county road" named in the petition; whether the public road and the point therein, which the supervisor must definitely locate, are above or below, and how far they are distant from Ferguson station, are all left to surmise. The other terminus, as designated in the petition, was "a point in public road at or near Eureka Fire Brick Company's store;" with this the report of viewers substantially complied, and taken with the draft or plot, fixes the point of intersection with the public road immediately northeast of the corner of the store. With this terminus fixed can we start at that end of the road and, by the courses and distances given in the report and draft, ascertain the other terminus. Pursuing this plan we find the courses and distances of the first two lines correctly given, then, for the third line, we have " Rad. 2,000 ft. 1,550 feet." We assume that this means that the third line is a segment of a circle having a radius of 2,000 feet; the difficulty is that the center of the circle is not

fixed, nor are any two points in its circumference, and the part of the road composing this arc of the circle might be swung around in any direction from the fixed point at the end of the preceding line. The course or bearing of two or more points, in this curve, from the end of the preceding line ought to have been given, but the report makes no attempt to give any course or bearing for this line. This is the end of all reasonable certainty and the other terminus cannot be established. The fifth line, going from the Eureka store, is also without any course or bearing in the report and draft. Even if both termini had been fixed the route of the road is not by the report located with sufficient precision. The law requires that the draft or plot, which the viewers must annex and return with their report, shall state the courses and distances, and one is equally with the other essential to certainty. This vital defect permeated the entire record and was carried into the decree of confirmation, which is simply a judgment that the road as located by the report of viewers shall be a public highway. The decree of confirmation would have been reversed, upon appeal, and the proceedings set aside: Bean's Road, 35 Pa. 280; Road in Lower Merion, 58 Pa. 66; O'Hara Township Road, 152 Pa. 319.

The only remaining question is as to the power of the court below to review its own record and quash the proceedings after the expiration of the term at which the order confirming the report of the viewers became absolute. It is clear that the jurisdiction of the court to determine questions of fact and expediency was at an end. The time for the exercise of discretionary powers had passed. The court was without authority to open its decree and consider the merits of the application or irregularities in the proceedings not shown by the record, in the strict sense of that term: Catlin v. Robinson, 2 Watts, 373; Road Case, 4 W. & S. 39; Hassler's Appeal, 5 Watts, 176; Johnson's Appeal, 9 Pa. 416; Road to Ewing's Mill, 32 Pa. 282; O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136. The order appealed from, however, was not in the nature of a proceeding to open a judgment or decree. The motion of the appellees was founded upon matters of substance apparent upon the record. The reasons embodied in the motion to quash were in the nature of exceptions to the proceedings. In the case of O'Hara Township Road, supra, a term had elapsed after the

final confirmation, and leave was asked to file exceptions, as to matters appearing on the record; and the Supreme Court, in an opinion by Mr. Justice GREEN, said: " We think the learned court below should have permitted them to be filed nunc pro tunc." If the court should have permitted the exceptions to be filed, that necessarily implied that it had authority to consider and, if well founded, sustain them. It is not, however, necessary to go that far in the present case.

The supervisors of the township were parties to the motion to quash. No duty devolved upon them until the order to open the road issued. If they had then proceeded to open a road which might fairly be said to be within the latitude permitted by this vague order, all parties interested in and affected by said action concurring, it would, perhaps, have been too late for the court to set aside its own decree. When an order to open a road comes to the supervisors they are required, under severe penalties, to obey, and their functions are purely ministerial, not discretionary. They must locate the road where the court has ordered it to be. These appellees had in their hands an order, entirely unexecuted and still in force, which they must obey, but which they could not carry into effect without exercising a discretion not authorized by law. The court had made a final decree which could not be executed and the order to open was in the nature of a writ of execution: Bean's Road, 35 Pa. 280. It was clearly the right of the supervisors to move the court, at that time, to quash this then current writ, which, in itself, made error manifest. The power of a court to quash its own writ of execution because of a fatal error apparent upon the face of the writ, can, as a general rule, be exercised at any time during the life of the process. The learned court below had the power, which it very properly exercised, to quash the order to open the road. To quash this order to open was fatal to the entire proceeding, for no new order to open could issue which would not contain the same defect. Even if we should hold that, technically, the authority of the court over the decree of confirmation was gone, that decree could not be executed. That the entire proceeding was quashed, as well as the order to open the road, worked no injury to appellants.

The order of the court of quarter sessions quashing the proceedings is affirmed and the appeal dismissed at costs of appellants.