# Hector Township Road (No. 1).

*Road law—Appeals—Record—Discretion.*

On an appeal from an order discharging a rule to show cause why the confirmation absolute of the report of a jury of view should not be opened, the appellate court cannot review the findings of the court below upon the question whether the road had been actually opened, nor can it review any irregularity in the proceedings which did not go to the jurisdiction of the court to make the original decree, or present on the face of the record an insuperable barrier to the execution of an order to open.

*Road law—Termini—Sufficient definition of termini—Location of road —Draft.*

Absolute mathematical precision of definition of the termini of a road is not required. It is sufficient if there be substantial conformity between the petition and the report, and if they be described so that the road can be located with reasonable certainty. If there is substantial conformity between the petition and the report, and either terminus is definitely fixed in the report, a defect in the description of the other terminus is not necessarily fatal, for this may be ascertainable by tracing the courses and distances reported. These principles apply with great force where it is sought to set aside a decree which has stood unquestioned for forty years.

A draft annexed to a report of viewers is properly a part of it, and is to be considered in determining as to the sufficiency of the designation of the termini.

A report of viewers described a road as follows: " Beginning in the road or highway near R. W. Moore's, thence by given courses and distances to the road a little west of Peter B. Lovell's fields." A draft annexed to the report showed the location of R. W. Moore's house; a line, evidently indicating the highway, running past it; the terminus of the proposed road at a point in that highway opposite the house; its direction from the house; the courses and distances; P. B. Lovell's house, and the highway passing it in which the proposed road terminated. *Held,* that the court could not say that it was absolutely impossible for the supervisors to locate the road.

Argued Nov. 1, 1901. Appeal, No. 74, Oct. T., 1901, by supervisors of Hector township, from order of Q. S. Potter Co., No. 92, of Road Records, discharging rule to show cause why the confirmation of a road jury's report should not be opened in case of Hector Township Road. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to show cause why confirmation of the report of the jury of view should not be opened.

The facts are set forth in the opinion of the Superior Court.

*Error assigned* was the order of the court, discharging the rule.

J. Newton Peck, with him John F. Stone, A. S. Peck and W. F. DuBois, for appellant.—The termini cannot be ascertained : Lower Merion Road, 58 Pa. 66; O'Hara Twp. Road, 152 Pa. 319; Bean's Road Case, 35 Pa. 280; Dunbar Twp. Road, 12

Pa. Superior Ct. 491; Derry Twp. Road, 11 Pa. Superior Ct. 232.

The entry of a final confirmation of a report of viewers does not terminate the jurisdiction of the quarter sessions over the proceedings: North Union Twp. Road, 150 Pa. 512; Delmar Twp. Road, 13 Pa. C. C. Rep. 505; Chartiers Twp. Road, 48 Pa. 314.

*John Ormerod*, of *Dornan & Ormerod*, for appellee.—Absolute precision of definition of the termini is not required. It is not objectionable that one or both ends of the proposed road are described as being at or near a certain point: Bryson's Road, 2 P. & W. 209; Catharine Township Road, 76 Pa. 189; Road in Sterrett Township, 114 Pa. 627; New Hanover Road, 18 Pa. 220; East Deer Township Road, 155 Pa. 53; Springfield Road, 73 Pa. 127; O'Hara Twp. Road, 152 Pa. 319.

OPINION BY RICE, P. J., January 21, 1902:

The report of viewers in this case was approved, and the width of the road fixed on February 26, 1859. The report was confirmed absolutely on September 21, 1859. On June 11, 1900, the supervisors of the township applied for, and obtained, a rule to show cause why the confirmation absolute should not be opened and they be permitted to file exceptions nunc pro tunc. The court subsequently discharged the rule, and from that order this appeal was taken.

So far as such an application is addressed to the discretion of the quarter sessions and is based on allegations of fact outside the record, the decision of that court is final. Hence the finding of the court upon the question whether the road has been actually opened is not reviewable on this appeal. Further, no irregularity in the proceedings which did not go to the jurisdiction of the court to make the original decree, or present on the face of the record an insuperable barrier to the execution of an order to open can now be considered: Cassville Borough Road, 4 Pa. Superior Ct. 511; Crescent Township Road, 18 Pa. Superior Ct. 160. See also Road in Herrick Township, 16 Pa. Superior Ct. 579. Therefore, the only exception proposed to be filed by the applicants, which we are called upon to discuss, is the third, namely: "That the termini of the road are not suffi-

ciently defined in the petition, nor in the report of viewers."
But absolute mathematical precision of definition is not re-
quired.  It is sufficient if there be substantial conformity be-
tween the petition and the report and if they be described so
that the road can be located with reasonable certainty.  If
there is substantial conformity between the petition and the
report, and either terminus is definitely fixed in the report, a
defect in the description of the other terminus is not necessa-
rily fatal; for this may be ascertainable by tracing the courses
and distances reported: Bean's Road, 35 Pa. 280; Road in Ster-
rett, 114 Pa. 627, 633.  See also Road in Dunbar Township,
12 Pa. Superior Ct. 491, at p. 494; Roche's Private Road, 10
Pa. Superior Ct. 87.  If these principles are applicable when
the record is brought up for review in the mode, and within
the time, prescribed by law, they apply with added force where
it is sought to set aside a decree which has stood unquestioned
for forty years.  In such a case it is not our duty to examine
the record microscopically in a search for flaws, but to give to
it every reasonable intendment.  The report describes the road
as follows: "Beginning in the road or highway near R. W.
Moore's, thence," by given courses and distances, "to the road
a little west of Peter B. Lovell's fields."

The draft annexed to the report is properly a part of it, and
is to be considered in determining as to the sufficiency of the
designation of the termini: Road in South Abington Township,
109 Pa. 118; Roche's Private Road, supra.  This shows the
location of R. W. Moore's house; a line, evidently indicating
the highway running past it; the terminus of the proposed
road at a point in that highway opposite the house; its direc-
tion from the house; the courses and distances; P. B. Lovell's
house; and the highway passing it in which the proposed road
terminated.  This, by giving it reasonable intendment, is what
the record shows.  Thus viewing it, we are unable to say that
it was absolutely impossible for the supervisors to locate the
road.

Possibly, if exceptions had been taken at the proper time, the
court below would have felt constrained to refer the report
back to the viewers with direction to define the termini with
greater precision.  But neither exception nor appeal was taken.
The township officers ignored the remedies provided by law

for the correction of errors and irregularities in the proceedings. Having done so, it is too plain for argument, that in order to prevail in their present mode of attack upon the decree they must show by the record, either that the court had not jurisdiction to make it, or that there is "an insuperable barrier to its execution." This was expressly conceded by the court in the Crescent Road Case, supra, where the attack was successful, and is sustained by the cases of Road in Salem Township, 103 Pa. 250; Road in Adams Township, 130 Pa. 190, and Road in Roaring Brook Township, 140 Pa. 632. Our conclusion is, that the record does not show such defects as would warrant us in directing the court below to open or set aside the decree.

The order is affirmed, the appellants to pay the costs of the appeal.