## Hector Township Road (No. 2).

*Road law—Opening road—Duty of supervisors—Termini.*

No duty devolves on supervisors to open a road until the order to open the road issues. Their functions are purely ministerial, not discretionary; they must open the road where the court has located it. The means of identifying the road must be found in the report. There must, therefore, be certainty in the description, at least, so much certainty that the description will not answer equally well for two distinct roads. The court has no authority to confirm a report, and order a road to be opened where there is nothing on the record to fix its location.

The report of a jury of view described a road as follows: "Beginning in the Genesee Fork road near Matthias Persings, thence, by given courses and distances to the Moore Hollow road near B. G. Joseph, a plot of which is hereto annexed." The plot referred to showed that the road began in the Genesee Fork Road on land of Persings and following the courses and distances mentioned in the report ended in the Moore Hollow road. There was nothing to indicate whether the terminus was on the lands of Joseph or near his residence. The draft in connection with the report showed that the first course ended at a point in the boundary line between Persings and a neighbor, but there was nothing to indicate where this point in the boundary line was located. *Held*, that the road could not be located, and that the proceedings should be quashed.

*Road law—Practice, Q. S.*

Where the proceedings in a road case show that the termini of the road

cannot be located, the court may open the confirmation of the report of the jury of view, and permit an exception to be filed nunc pro tunc, and upon the filing of the appropriate exception, order that the proceedings shall be quashed.

Argued Nov. 1, 1901.   Appeal, No. 75, Oct. T., 1901, by supervisors of Hector township, from order of Q. S. Potter Co., No. 434, of Road Records, discharging rule to show cause why the confirmation of a road jury's report should not be opened in case of Hector Township Road.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Rule to show cause why confirmation of a road jury's report should not be opened.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule.

*J. Newton Peck*, with him *John F. Stone, A. S. Heck* and *W. F. DuBois*, for appellants.

*John Ormerod*, of *Dornan & Ormerod*, for appellee.

OPINION BY RICE, P. J., January 21, 1902:

The report of viewers in this case was confirmed absolutely on December 14, 1877.   On May 3, 1900, an order to open the road was served upon the supervisors, who thereupon applied for, and obtained a rule to show cause why the confirmation absolute should not be opened and they be permitted to file exceptions nunc pro tunc.   They alleged in their petition that the road had never been opened.   This allegation was not denied in the court below, nor in this court.   The second exception proposed to be filed is: "That the termini are not sufficiently defined in the report of viewers."   The report describes the road as follows: "Beginning in the Genesee Fork road near Matthias Persings, thence," by given courses and distances, "to the Moore Hollow road near B. G. Joseph, a plot of which is hereto annexed."   The plot referred to shows that the road begins in the Genesee Fork road on land of Persings and following the courses and distances mentioned in the report ends in the Moore Hollow road.   This is all.   Whether the lat-

ter terminus is on the lands of Joseph or near his residence is left, by the draft, to mere surmise. We may infer from the report that it is near his residence or near his land, but where it is cannot by any possible method be ascertained, even approximately, unless we first ascertain the location of the other terminus or some other point in the line of the road. As to the latter question the draft shows in connection with the report that the first course ends at a point in the boundary line between Persings and Briggs, and if that point were ascertainable, it might be possible to ascertain the point of beginning by retracing the course for the distance called for. The difficulty in the way of the adoption of this method is that it cannot be ascertained from the report or draft where this point in the line between Persings and Briggs is located. In short there is nothing in the draft to aid the description contained in the report proper. In this most important particular the case differs from the case of road from Moores in Hector township in which we have this day filed an opinion. We are compelled to say in this case, what we were unable to say in that case, that it would be impossible from this record for the supervisors to locate either the beginning or ending of the road with any degree of certainty. That they must obtain their information from the order to open, which must be in strict accordance with the report of the viewers, is clear. We quote from the opinion of our Brother W. D. PORTER upon the subject: " No duty devolves on the supervisors until the order to open the road issues; their functions are purely ministerial, not discretionary; they must open the road where the court has located it. The means of identifying the road must be found in the report. There must, therefore, be certainty in the description, at least, so much certainty that the description will not answer equally well for two distinct roads. The court has no authority to confirm a report, and order a road to be opened where there is nothing on the record to fix its location:" Crescent Township Road, 18 Pa. Superior Ct. 160, citing Bean's Road, 35 Pa. 280; O'Hara Township Road, 152 Pa. 319. That case, which it is fair to counsel and the court below to say had not been decided when this case was argued there, conclusively rules the main question, as well as the question as to the right of appeal. See also Road in Dunbar Township, 12 Pa. Superior Ct. 491. The learned judge who

presided below suggested that if the court did not have juris-
diction, or if the proceedings are void on their face, the remedy
is to move to strike off or vacate.   Doubtless this would have
been an appropriate motion, but the greater includes the less,
and if the court might have struck off the confirmation and
quashed the proceedings, as was decided in the Crescent Road
case and the Dunbar Road case, it had power to open the de-
cree and permit the exception above quoted to be filed.   As to
the other matters complained of in the petition, the learned
judge correctly held that the time for objection had passed.

The order of the court of quarter sessions discharging the rule
to show cause and dismissing the petition is reversed, and the
record is remitted to the court below with directions to make
the same absolute so far as it relates to the second exception
set forth in the petition, and, upon the same being filed, to
quash the proceedings.