## Farmington Township Road.

*Road law—Petition—Intermediate points—Vacation of road—Laying out of new road—Quashing proceedings after confirmation—Defect on face of record.*

1. Where a petition for the vacation of a road and the laying out of a new road sets forth intermediate points, the proceedings will be quashed, even after the confirmation of the report of viewers and the entry of an order to open the new road.

2. Such a defect is apparent on the face of the record, is a matter of substance, and by reason of it the proceedings may be quashed at any time prior to the opening of the road.

Rule to set aside proceedings. Q. S. Clarion Co., Dec. T., 1908, No. 1.

*A. A. Geary,* for rule; *S. K. Clarke,* contra.

SLOAN, P. J., July 12, 1921.—On Aug. 27, 1908, a petition was presented to the Court of Quarter Sessions for the appointment of viewers to vacate a public road in Farmington Township, beginning at Philip Cook's watering trough, thence along the said road to a point where it intersects or crosses the line between the lands of William Foy and Robert Macbeth, and the laying out of a new road from the last above mentioned point where the Gravel Lick Road crosses the line between the lands of William Foy and Robert Macbeth, thence along said line north to the Cook's Corners Road.

Viewers were appointed and a report made and filed and confirmed *nisi* Dec. 7, 1908, which confirmation became absolute at the February Term, 1909, No further action was taken until September, 1920, when an order to open the new road was issued to the road supervisors. On Oct. 29, 1920, the supervisors filed exceptions, by leave of court, for the reason that the petition suggests intermediate points from the beginning to the terminus of the proposed road, and asked that the proceedings be set aside.

It is conceded by counsel now representing the petitioners that if exceptions had been filed prior to the final confirmation of the road the proceedings would have been set aside. He also concedes that a court may set aside proceedings after confirmation for defects appearing which go to the jurisdiction of the court. His argument is that in no reported case have proceedings been quashed or set aside after confirmation where the only defect is that the petition included intermediate points, and that such defect is not jurisdictional, because the statute does not prescribe what the petition shall or shall not contain.

We have not been cited to any case where exceptions to the record have been sustained after confirmation of a report where points were designated in the record, but cases are many where exceptions have been sustained for want of a definite beginning and ending. We fail to see any substantial difference in the principle where the record shows uncertain termini or endings, and where intermediate points have been suggested in the petition. In both cases the defects go to the record.

We think the decision given by Judge Porter in Crescent Township Road, 18 Pa. Superior Ct. 160, will apply to the present case, and that exceptions which go to the jurisdiction of the court and appear upon the record are good at any time before the order has been carried into execution by the opening of the road. Nothing has ever been done since the filing of the report in the present case that would estop any one from taking action at any time for the matters upon the record.

In the Appeal of Nemon in Road in Dunbar Township, 12 Pa. Superior Ct. 491, 496, Judge Porter said, on the point where leave was asked to file exceptions as to a matter appearing on the record: "We think the learned court below should have permitted them to be filed *nunc pro tunc*. If the court should have permitted the exceptions to be filed, that necessarily implied that it had authority to consider and, if well founded, sustain them."

These exceptions were filed by leave of court, and the court is asked to do what the court should have done before viewers were appointed or the report confirmed. The exceptions are not to the discretionary matters or expediency —that must be done before the final confirmation—but in a matter of substance that appears from the record.

"The power of a court to quash its own writ of execution because of a fatal error apparent upon the face of the writ can, as a general rule, be exercised at any time during the life of the process:" In the Appeal of Nemon, 12 Pa. Superior Ct. 491.

We can see no distinction in the cases that rule the principle of incorrect beginnings or endings and one which designates the intermediate points. They both go to affect the record in the case, and exceptions are good any time before the execution of the order. The exceptions in this case must be sustained and the proceedings quashed and set aside.

And now, July 12, 1921, after consideration and argument, the exceptions filed in the above case are sustained and all proceedings are set aside. Exception granted to petitioners and bill sealed.