# Thomas et al., *v.* Borough of Hellertown, Appellant.

*Boroughs—Streets—Opening—Borough Act of May 14, 1915—Procedure to test validity—Equitable principles.*

The Borough Act of May 14, 1915, P. L. 312, establishes the procedure for opening streets in boroughs, and for testing the validity of such action. The commands of a statute cannot be waived or dispensed with by a court.

Where, in proceedings to assess damages and benefits upon the opening of a borough street, every statutory requirement was properly fulfilled, and property holders appeared before the viewers, were heard, and had their day in court, without taking any step to challenge the action until nineteen days after final confirmation, it was error for the court to set aside the confirmation and to direct, on "equitable principles," that the viewers should view the premises and make a further report. The statute governs, not "equitable principles," and the court had no authority to reopen the proceedings.

Argued December 6, 1921. Appeal, No. 188, Oct. T., 1921, by respondent, from order of C. P. Northampton County, Feb. T., 1921, No. 828, setting aside final confirmation of report of viewers, in the case of William H. Thomas, William P. Thomas and Charles H. Wetterman v. Borough of Hellertown. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed

526   THOMAS *v.* HELLERTOWN BORO., Appellant.

Statement of Facts—Opinion of the Court. [78 Pa. Superior Ct.

Petition to appoint viewers for opening street. Before McKeen, J.

Rule to show cause why final confirmation should not be set aside.

The facts are stated in the opinion of the Superior Court.

The court made the rule absolute, set aside the final confirmation and the report, and directed the viewers to visit the premises and report. Respondent appealed.

*Error assigned,* among others, was the order of the court.

*R. C. Mauch,* for appellant.—The proceedings were in strict compliance with statute, and the court below was powerless to disturb even an erroneous decree after the confirmation had become final by operation of law: Harris v. Mercur, 202 Pa. 313; In re William Street, 191 Pa. 472.

*Frank P. McCluskey,* and with him *Ashur Seip,* for appellees.—Equity has power to set aside a judgment in condemnation proceedings for fraud, gross mistake, or where the court exceeded its powers: 20 Corpus Juris, 1063.

Where a mistake is made, and the error is patent, the court has power to direct that the viewers shall view the premises and report further: O'Hare Township Road, 152 Pa. 319; North Union Township Road, 150 Pa. 512.

Opinion by Henderson, J., March 3, 1922:

The corporate authorities of the Borough of Hellertown adopted an ordinance establishing Chestnut Street. The proceeding was under the Borough Act of May 14, 1915. Viewers were appointed pursuant to the provisions of section 2, article II, to assess damages and benefits. Their report was filed October 20, 1919, in the court of common pleas, and was on the same day con-

firmed nisi.  The 12th section of article II provides that
notice of the filing of the report shall state that unless
exceptions be filed thereto within thirty days from the
date of filing, the report will be confirmed absolutely.
Section 18 of the same article provides that when the
report is filed, the prothonotary shall mark it confirmed
nisi, and in case no exceptions are filed thereto, he shall
enter a decree that the report is confirmed absolutely.  No
exceptions were filed to the report of the viewers, and a
decree of final confirmation was entered at the expira-
tion of thirty days from the time when the report was
filed pursuant to the direction of the statute.  A rule was
granted by the court on December 8, 1919, to show causes
why the confirmation should not be set aside and stricken
off and the report referred to the viewers for the purpose
of filing such report as in their discretion will meet
with the facts and circumstances of the case.  On Feb-
ruary 14, 1921, this rule was made absolute; the con-
firmation of the report of viewers was set aside together
with the report, and the viewers theretofore appointed
were directed to view the premises for the purposes in
the original order set forth, and to make such report as
in their discretion will meet with the facts and circum-
stances of the case.  The basis of the petition to set aside
was that the viewers had made a mistake with reference
to the property lines of William P. Thomas, William H.
Thomas and C. H. Wettereau, the petitioners for relief.
It may well be doubted whether the evidence presented
in support of the rule was sufficient to authorize the
action of the court.  It consisted of the testimony of a
surveyor made long after the borough survey locating
the street, and as appears from the testimony of the wit-
ness, his conclusion was based principally on the assump-
tion that certain stakes which he saw marked the street
line.  His work does not appear to have been done in
coöperation with or in the presence of the borough
engineer, and no evidence of any of the borough officials
was taken to show where the street lines were as pro-

vided for by the ordinance and as actually located on
the ground. But a more serious difficulty exists in the
case, with respect to the authority of the court to enter
the order complained of. It is conceded that the pro-
ceeding is regular on its face. No objection is made to
the validity of the action of the borough in creating the
street, nor is any complaint made of the regularity of the
method adopted by the viewers in the discharge of their
duty. Proper notices were given; the parties in inter-
est were present with their counsel at the time of the
view; a plot of the street was exhibited and they were
aware therefore of the location of the street and of its
apparent relation to their property. They had thirty
days from the filing of the report in which to except
thereto as provided in the 17th section of article II of
the borough law, but they did nothing until nineteen
days after the final confirmation of the proceeding, when
their petition was filed. In the meantime a term of court
had elapsed and their application was presented to the
court sitting at another term than that in which the
report was finally confirmed. The procedure for the ap-
pointment of viewers and subsequent action with refer-
ence thereto is statutory. The law gives parties in inter-
est full opportunity to be heard, and fixes a time beyond
which all the proceeding is to be considered completed.
The power of the court is not therefore discretionary.
As was said in Harris v. Mercur, 202 Pa. 313, the com-
mands of a statute cannot be waived or dispensed with
by a court. When a statute fixes a time within which
an act must be done, the courts have no power to enlarge
it. The question before the court on the original petition
was one of fact. It was inquired of by the viewers and a
report made thereon. After their report was confirmed,
the court was without authority to review their findings
and to set aside a record which the law declared to be ab-
solute. It was said by our brother, PORTER, In Road in
Dunbar Township, 12 Pa. Superior Ct. 491, that the court
was without authority to open its decree and consider the

merits of the application or irregularities in the proceeding not shown by the record, and numerous authorities are cited in support of that position, to which may be added: William Street, 191 Pa. 472; Harris v. Mercur, supra. The authorities cited by the appellee, O'Hara Township Road, 152 Pa. 319, and North Union Township Road, 150 Pa. 512, were cases in which the objections to the proceeding were based on the record and the court was without jurisdiction to take the action complained of because the statutory requirements had not been met by the actors in the proceeding, but in the case before us, as has been noticed, the record is entirely regular. This was so found by the court below. The undertaking is to avoid the decree by a reinvestigation of the facts passed on by the viewers. It may be as claimed that they made a mistake in regard to the location of the street with respect to the property involved, but the borough has not been heard and the effect of the action of the court would be to reopen the whole subject of the assessment of damages. The purpose of the limitation in the statute was to put an end to inquiry with respect to damages. Such limitations are found in many statutes and the propriety of them is not questioned nor may the courts disregard them. The action of the court was based on what is supposed to be equitable principles, but the petitioners had full opportunity to investigate and act after the report was filed. They are presumed to know, if any person would, the lines of their lots and they had, as appears from their witness, evidence on the ground of the lines of the street. With such information and having passed their day in court, they do not appear to have standing to ask for equitable relief. But the case is regulated by statute and not by equitable principles and the statute speaks in such cases.

The order is reversed at the cost of the appellees.