## Caledonia Street Grade.

*Practice, C. P.—Appeals from reports of viewers—Reasons for appeal to be stated—Act of May 27, 1919.*

1. The requirement of section 35 of the Act of May 27, 1919, P. L. 310, that one who desires to appeal from a report of viewers "shall state the grounds or reasons for the appeal" is mandatory.

2. An appeal petition that fails to state such grounds or reasons will be stricken from the records.

Rule to strike off appeal.  C. P. Dauphin Co., Jan. T., 1921, No. 15.

*John E. Fox* and *John R. Geyer*, City Solicitors, for rule.

*Rosenberg & Rosenberg*, contra.

WICKERSHAM, J., May 22, 1922.—This was the petition of the City of Harrisburg to strike off the appeal of William S. Harris from the report of viewers in the grading of the street mentioned in said petition, for the reason that the appellant has not stated in his appeal the grounds or reasons for the appeal, as in other appeal cases, as required by the Act of the General Assembly of the Commonwealth of Pennsylvania, approved May 27, 1919, P. L. 310, 338.  On May 9, 1921, this court, on motion of the City Solicitor, granted a rule on said appellant to show cause why his appeal should not be stricken from the record, to which no answer has been filed.  We are now asked by the City Solicitor to make said rule absolute.

It is contended that the appellant has not complied with the requirements of section 35 of the Act of May 27, 1919, P. L. 310, 338 [amending art. XIV, § 6, of the Act of June 27, 1913, P. L. 568], which provides, *inter alia:* "Thereupon the report of said viewers, or any two of them, being filed in said court, which report shall be filed within three months from the date of their appointment, unless the time for so doing shall be extended by the court, any party may, within thirty days thereafter, file his, her or their appeal from the said report to the said court.  Such appeal shall state the grounds or reasons for the appeal, as in other appeal cases, and shall be in writing and accompanied by an affidavit of the appellant, or their agent or attorney, that the same is not taken for the purpose of delay, but because the affiant firmly believes that injustice has been done."

Comparing the above quoted section of the Act of 1919 with the wording of section 6 of the Act of April 2, 1903, P. L. 124, relating to appeals from the report of viewers in road and street cases, which said act is an amendment of the Act of May 16, 1891, P. L. 65, relating to the laying out, opening, widening, etc., of streets and alleys in the Commonwealth of Pennsylvania, we find they are similar.  The Act of 1903 provides: "Every appellant shall state in the appeal the grounds upon or for which the appeal is taken."

Construing the quoted provision of section 6 of said Act of 1903, it was held: "The provision that the appeal must be taken within thirty days, and that it must state the grounds upon which it is taken, is mandatory, and the court cannot modify or enlarge it:" Grading of Raymond Street, 20 Dist. R. 583; Harris v. Mercur, 202 Pa. 313; Williams Street, 191 Pa. 472.

2 D. & C.

Caledonia Street Grade.

The appellant does not state the grounds of his appeal, but satisfies himself by alleging that he "hereby appeals from the assessments of said viewers, as shown by their report, to the Court of Common Pleas of Dauphin County, and demands a trial by jury."

Having failed to comply with the above quoted provision of the Act of 1919, we are of opinion that the rule granted May 19, 1921, directing the appellant to show cause why his appeal should not be stricken from the record, should be made absolute, and it is so ordered.

From William Jenkins Wilcox, Harrisburg, Pa.