## In re Road in Sterrett Township.

1. A petition for "a public road or highway, from a point on the east line of the city of Pittsburgh, at the intersection of Waverly lane and Peeble avenue, in said city, to a point on the Edgewood public road at or near the Home for Aged Women," is not vague or uncertain as to *termini*.

2. The laying out of a public road across a railroad at grade of the tracks is not illegal *per se*.   The subject of grade crossing is one that appeals strongly to the sound discretion of the Court of Quarter Sessions.

3. Personal notice is not required by law to be given to parties over whose land a proposed public road or highway is laid out.

4. After confirmation of a report of viewers to lay out a public road, it is too late to object, that the plan attached to the report does not show improvements on the line of the proposed road.

5. In laying out a public road across a railroad, at grade, it is not necessary that either the petition or the report of viewers, should state or show the necessity of such crossing.

6. The county surveyor of Allegheny county, when appointed a viewer to lay out a public road, may act by his deputy under the Act of February 24th, 1873, P. L., 155.

November 9th, 1886.   Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.   MERCUR, C. J., absent.

CERTIORARI to the Court of Quarter Sessions of the Peace of *Allegheny county :*   Of October Term 1886, No. 90.

The record showed the following :

June 21st, 1884, petition of citizens of Sterrett township presented, showing that they labor under great inconvenience for want of a public road "from a point on the east line of the city of Pittsburgh, at the intersection of Waverly lane and Peebles avenue in said city, to a point on the Edgewood public road, at or near the Home for Aged Women.

[In re Road in Sterrett Township.]

June 21st, 1884, the court appoints Charles Davis, Wm. Collingwood and C. M. Loomis viewers as prayed for.

September 6th, 1884, report of viewers presented in open court and ordered to be filed and confirmed *nisi*, the width of the road when opened to be 50 feet.

The following is the report of viewers:

We, the undersigned persons appointed at No. 6, June sessions, 1884, to view a road in Sterrett township, from a point on the east line of the city of Pittsburgh, at the intersection of Waverly lane and Peebles avenue, in said city, to a point on the Edgewood public road near the Home for Aged Women—

Respectfully report that having met on the 25th day of August, 1884, pursuant to legal notice, and being duly sworn according to law, all the viewers being present, we have viewed the route for the above described road and part of the country adjacent thereto, and after due consideration and diligent inquiry as to necessity 'for said road, are of opinion that the prayer of the petitioners should be granted for the reasons set forth in their petition.

We have, therefore, located and distinctly marked upon the ground and do recommend for public use the following described road: Beginning at a point on the east line of the city of Pittsburgh, at intersection of Waverly lane and Peebles avenue, in said city, thence south 66¾ deg. east 266.00 perches to the Edgewood public road near the Home for Aged Women.

And we further report that there will no damages arise, as the entire route is' now thrown open for the use of the public, said road to be 50 feet in width.

All of which is respectfully submitted.

In witness whereof we have hereunto set our hands this 30th day of August, A. D. 1884.

CHAS. DAVIS, (Co. Sur.,)
By W. W. SHAW, Deputy.
WM. COLLINGWOOD,
CHAS. M. LOOMIS.
Viewers.

February 5th, 1885, no exceptions having been filed to the report, it was confirmed absolutely. And same day, order to open the road issued.

April 9th, 1885, the court made the following order: " And now, April 9th, 1885, on motion of Hampton & Dalzell, counsel for Pennsylvania Railroad Company, exceptions and reasons by attorneys for Pennsylvania Railroad Company allowed to be filed, and a rule is hereby granted on the supervisors of Sterrett township, William Ross and Thomas Cadwalader, and on four or five of the petitioners for the road, to show cause why the order heretofore issued, to open the road described in the peti-

tion and report of viewers filed in this case, should not be revoked, and the petition to view and lay out said road, and all subsequent proceedings thereunder, shall be quashed, and it is further ordered that in the meantime all further proceedings herein shall be stayed, pending the determination of the motion. Rule returnable April 18th, 1885.

The following are the exceptions filed by the Pennsylvania Railroad Company. They were overruled by the court, which action was *inter alia* assigned for error.

1. The petition for the road in this case, and the report of the viewers, as to the termini and route of the road, are too vague and uncertain. (First assignment of error.)

2. The proposed road passes over the main tracks of the Pennsylvania railroad, four in number, and two sidings connected therewith, at grade, and will, if opened, be highly dangerous, not only to the people who may attempt to cross said tracks, owing to the frequent running of trains, but also to the public traveling in the cars of said company. (Second assignment of error.)

3. That in the construction of said road, it will be necessary not only to cross the said four main tracks and the two sidings connected therewith, at grade, but there are a number of switches already constructed, and which are now in use, and have been for some time absolutely necessary to the company in the management of its trains and business, that will be practically destroyed, and by reason thereof, the business of the company cannot be accommodated as it should be, for the benefit of the public. (Third assignment of error.)

4. Neither the petitioners nor the viewers had any right, as matter of law, to locate the said road at grade over the tracks of the Pennsylvania railroad, the ground occupied by the said tracks, and which is proposed to be used for said road, having been appropriated for a public use long prior to the petition filed in this case. (Fourth assignment of error.)

5. That there is no necessity for the opening of said road at the point indicated on the plan attached to the viewers' report in this case, for the reason that there is already a sufficient and safe crossing not over four hundred feet distant on the east side of the same, and also a crossing by the Pittsburgh and Greensburgh turnpike over the tracks, on the western side thereof, and not far distant from where the proposed grade crossing is sought to be made, and that the risk to public travel, whether on the railroad or to persons passing along the proposed road, will be so extremely great, and the danger of loss of life and personal injury so imminent, that to open said road would practically be a public calamity.

6. That there was no notice given by the viewers, of the

time and place of their meeting, to the Pennsylvania Railroad Company, and their report in this case does not show that they gave notice to the proper officer, or to any person whatever connected with the Pennsylvania Railroad Company, of the time and place of their meeting in reference to the proposed location of the road at grade over the main tracks of the company. (Fifth assignment of error.)

7. That the road for the most part between the termini is located upon Franklin street, which had been laid out, opened and used by the public, prior to the date of the petition filed in this case, and that, by reason thereof, the viewers had no legal right to locate the proposed road over and upon said street. (Sixth assignment of error.)

8. That the viewers' report is erroneous in stating that "no damages will arise, as the entire route is now thrown open for the use of the public;" whereas, your exceptants allege that the ground that the Pennsylvania railroad occupies by its tracks, and over and upon which it is proposed to lay its road, has never been thrown open for the public. (Seventh assignment of error.)

The court gave no written opinion, making only the following final order: "And now, August 3d, 1886, rule discharged, and stay of proceedings set aside." (Eighth assignment of error.)

The Pennsylvania Railroad Company, thereupon, took this writ and filed the following assignments of error in addition to those shown above.

9. The court erred in making the following order:

"And now, February 5th, 1885, no exceptions to the report of viewers having been filed, the same is hereby confirmed absolutely, *sec. reg.*"

10. The court erred in confirming absolutely the report of the viewers, because the plan attached to said report does not show the improvements on the line of the proposed road.

11. The court erred in confirming absolutely the report of viewers, because one of the termini is vague and indefinite, the report stating it to be "to the Edgewood public road, *near* the Home for Aged Women," without further giving a fixed and certain point for the termination.

12. The court erred in confirming absolutely the report of the viewers, because they did not find and report "whether the road desired be necessary for a public or private road," as required by law.

13. The court erred in confirming absolutely the viewers' report, because it was not within the power of the viewers or the petitioners to locate a public road *at grade* over the main tracks of the Pennsylvania railroad, unless a physical necessity

existed, arising out of the nature of the ground over which the road was to be made, which would prevent it being so constructed, and the petition should have stated such necessity, and the report should have shown such necessity, if any existed.

14. The court erred in confirming the viewers' report absolutely, because the same does not find that an overhead crossing for the road,·or one underneath the railroad tracks, was impracticable, and wholly ignores the fact that the ground of the railroad company, proposed to be taken, and now covered with tracks, is devoted to a public use.

15. The court erred in confirming the report of the viewers absolutely, because there is no warrant in law in Pennsylvania for the location and construction of a common public highway, such as the proposed road, over the Pennsylvania railroad, *at grade*, nor for the appropriation of its right of way for such a purpose.

16. The court erred in confirming the viewers' report, for the reason that the record shows the sole object of the petitioners was to force a crossing for Franklin street, a long used highway by dedication, in the village of Wilkinsburgh, over the tracks of the Pennsylvania Railroad Company at grade, and not for the opening of a public road between two well defined termini, and through private property, and by reason thereof the proceedings are void.

17. The court erred in overruling the additional exceptions filed December 12th, 1885, by leave of court, which is as follows:

"The viewers appointed by the court, Charles Davis, Esq., Wm: Collingwood, and Charles M. Loomis, did not view the site of the proposed road, nor did they make the report filed in this case. Charles Davis, the county surveyor, did not act, but in his place and stead W. W. Shaw, his deputy, and the report shows on its face the facts above stated, and that by reason thereof, the view and report are defective."

*Dalzell* (*Hampton* with him), for plaintiff in error.—The *termini* are not designated with sufficient definiteness· in the petition and the report: Bean's Road, 11 Casey, 281; Road in Lower Marion, 8 P. F. S., 67.

The railroad company is to be considered under the case of Skinner *v.* Railroad Co., 7 Harris, p. 298, as entitled to free and unobstructed use of its right of way and tracks, for its uses and purposes in the transportation of persons and property.

That property already devoted to one public use cannot be taken for another, unless by express legislative authority or by a necessary implication thereof, is stated in the following

[In re Road in Sterrett Township.]

cases: Phila. &c. Railway *v.* Williams, 4 P. F. S., 107; Dublin R'y *v.* Navin, Irish Reports, 5 Equity, 393; Cleveland & P'hg. R'y *v* Speer, 6 P. F. S., 325; Boston & Maine R. R. Co. *v.* Lowell R'y Co., 124 Mass., 368; Prospect Park and Coney I. R'y Co. *v.* Williamson, 91 New York, 552; St. Paul Union Depot Co. *v.* City of St. Paul, 37 Minn., 359; Extension of Seventh Street, 23 Pa. St., 346.

Notice should have been given to the Pennsylvania R. R. Co.: Appeal of Central R. R. of N. Y., 102 Pa. St., 38.

The Act of 1836 requires, as one of the duties of the viewers, that "they shall also annex and return to the court a plot or draft thereof, stating briefly the courses and distances, and noting briefly the improvements through which it may pass." This court has held in the Schuylkill Falls road, 2 Bin., 250, and in Road from McCully's Fishery, 13 S. & R., 25, that it is sufficient if there be a reference to the improvements, either in the draft or report. Here there is none in either, and the requirements of the Act have been wholly disregarded. That there were improvements on the line long prior to and at the time the petition was filed, the record shows conclusively, and no truthful denial can be made to the contrary.

An entire omission to note the improvement is fatal on *certiorari*: Bell Vernon Road, 41 Leg. Int., 358.

*Petty* (*Friend* with him), for defendant in error.—We submit, that plaintiff's first eight assignments of error, and also the seventeenth assignment are bad, because they are founded on alleged exceptions to the report of viewers, when the court below had not jurisdiction to allow exceptions to report of viewers to be filed after confirmation absolutely; further, because the record shows that the court did not allow said exceptions to be filed to the report of viewers, but only entertained a motion for a rule to show cause why the report of the viewers and all proceedings thereunder should not be quashed; that said exceptions were filed as reasons for said rule to show cause, and that said rule was discharged. They were not overruled, but were not accepted as sufficient reason for making absolute the rule granted.

The *termini* are designated with certainty: In re Springfield Road, 23 P. F. S., 127; Bean's Road, 11 Casey, 281.

No legislative authority is required to make a road crossing at grade. The franchises of a railroad are held subject to the rights of the public in this respect: Rorer on Railroads, 553. The question of crossing at grade is in the sole discretion of the court: Upper Hanover Road, 11 Luz. Leg. Reg., 238; Franconia Township Road, 78 Pa. St., 319.

Personal notice to property holders is not necessary: Road

in Middle Creek, 9 Barr, 69; Benton Road, 2 Luz. Leg. Reg., 69; Lancaster City Road, 18 P. F. S., 396.

In the absence of evidence, it will be presumed that there were no improvements: Road from Greensburg, 1 Am. L. J., 124; Road in Aston Township, 4 Yates, 372.

Mr. Justice STERRETT delivered the opinion of the court, January 3d, 1887.

It should be noted in the outset that no objection, of any kind, to the proceedings in this case was interposed until more than two months after final confirmation of the report of viewers and issuance of order to open road. On application of the Pennsylvania Railroad Company the court then, as matter of grace, permitted exceptions to be filed, and granted a rule to show cause why the petition and all subsequent proceeding should not be quashed, and made an order staying proceedings in the meantime. The exceptions having been dismissed and rule to show cause discharged, the record of the proceedings was brought here for review on writ of *certiorari*.

The assignments of error—Seventeen in number—are more numerous than meritorious.

The first is, " The petition for the road and report of viewers, as to the *termini* and route of the road, are too vague and uncertain." The petition is for "a public road, or highway from a point on the east line of the city of Pittsburgh at the intersection of Waverly lane and Peebles avenue in said city, to a point on the Edgewood public road at or near the Home for Aged Women." There is nothing vague or uncertain in either of these *termini*. The first is mathematically certain, and the last is approximately so. The report of viewers, adopting the starting point of the petitioners, and giving the course and distance of the road terminates it at " the Edgewood public road near the Home for Aged Women." There is nothing approaching vagueness or uncertainty in this.

The proceedings are not irregular or invalid by reason of anything alleged in the 2d, 3d, or 4th specifications. The crossing at grade of the tracks and sidings of the Pennsylvania Railroad is undoubtedly dangerous, as all such crossings are; but it is not *per se* illegal. The subject of grade crossings is one that appeals strongly to the sound discretion of the court of Quarter Sessions, and where it is reasonably practicable to avoid such crossings the court should insist upon its being done.

There is no merit in the 5th and 9th specifications inclusive. The notice required by law appears to have been given. Personal notice is not required. It might be well to require per-

[Spearman *v.* Ward.]

sonal notice to be given to parties over whose land a proposed road passes, but as yet the legislature has not seen fit to do so.

The 10th specification assumes as a fact that there are improvements along the line of the proposed road. There is nothing on the record to show that there are any; and if there were, the objection comes too late after final confirmation of the report.

The 11th specification is substantially the same as the first, which has already been disposed of.

The 12th specification is without merit. The viewers reported that, " after due consideration and diligent inquiry, as to necessity for said road, they are of opinion the prayer of the petitioners should be granted, for the reasons set forth in their petition," and they have "therefore located and distinctly marked on the ground and do recommend for public use the following described road," &c. This is substantially finding and reporting that the road petitioned for is necessary for a public road.

The 13th, 14th, and 15th specifications are substantially the same as the 2d, 3d and 4th, which have been sufficiently noticed already.

The 16th specification is covered by the 6th, and 7th, and requires no further notice.

The 17th specification is without merit. The Act of February 24th, 1873, relating to the office of surveyor and civil engineer for the county of Allegheny, provides that the county surveyor " shall, either in person or by deputy, act as artist in all road and bridge views." The report shows that the county surveyor's deputy did represent him as artist in this case.

There appears to be no error in the record that vitiates the proceedings.

Proceedings affirmed.