## Sewickley Township Road.

*Road law—Quashing proceedings—Certiorari.*

The court of quarter sessions has the power to quash all the proceedings in a road case down to and including an order to open, and an appeal from an order overruling that motion is in the nature of a certiorari, and brings up the record for the consideration of the Superior Court.

*Road law—Termini—Petition—Report of viewers—Draft.*

A motion to quash road proceedings on the ground that the petition does not show whether the terminus ad quid is east or west from the terminus a quo, will not be sustained where the terminus ad quid is rendered absolutely certain by the report of the viewers and the draft attached thereto.

*Road law—Vacation of road—Finding of viewers—Opinion of viewers—
Act of June* 13, 1836, *sec.* 18.

Under the act of June 13, 1836, sec. 18, the court cannot vacate a road unless it has become useless, inconvenient or burdensome, and can take no action upon a mere statement by viewers in their report, that they " are of the opinion that the same is becoming useless and inconvenient on account of the construction of a coal tipple and railroad siding."

*Road law—Notice to supervisors—Act of May* 2, 1899, *P. L.* 177.

Proceedings to vacate and supply a portion of the public road will not be quashed merely because it does not appear from the record that the notice required by the Act of May 2, 1899, P. L. 176, when there is no denial of the fact that the notice was given, and the report of the viewers expressly states that " due notice of the view " was served on the supervisors.

Argued April 20, 1903.   Appeal, No. 91, April T., 1903, by Sewickley Township, from order of Q. S. Westmoreland Co., Aug. T., 1900, No. 1, overruling motion to quash proceedings in the matter of Sewickley Township Road.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Motion to quash road proceedings.   Before DOTY, P. J. The opinion of the Superior Court states the case.

*Error assigned* was in overruling motion to quash.

*Paul H. Gaither*, of *Gaither & Woods* and *John P. Pinkerton*, for appellant, cited: O'Hara Twp. Road, 152 Pa. 319 ; Crescent Twp. Road, 18 Pa. Superior Ct. 160.

*James S. Moorhead*, with him *John B. Head*, for appellees, cited: Hector Twp. Road, 19 Pa. Superior Ct. 120 ; Chartiers Twp., 48 Pa. 314 ; Ottercreek Twp., 104 Pa. 261 ; Potter and Tioga Counties Road, 10 Pa. Dist. Rep. 456.

OPINION BY BEAVER, J., May 22, 1903:

The report of the viewers, appointed to vacate and supply a portion of a public road in Sewickley township, was confirmed absolutely February 9, 1901.   From this order no appeal was taken.   September 15, 1902, the supervisors of roads in

Sewickley township moved " the court to quash, strike off and set aside the petition, report of viewers, decree of confirmation and order to open " for reasons then stated. December 20, 1902, the motion to quash was overruled. From this order of the court this appeal was taken.

Unless the reasons to quash were fundamental and jurisdictional, the order of December 20, 1902, overruling them, cannot be considered here, because the confirmation absolute from which no appeal was taken would be conclusive. The appellants allege, however, that their reasons are based upon facts which appear of record and which establish that the court had no jurisdiction to entertain the petition and confirm the report of the viewers. The court undoubtedly had the power to entertain the motion to quash and the appeal from the order overruling that motion is in the nature of a certiorari and brings up the record for our consideration : Road in Dunbar Twp., 12 Pa. Superior Ct. 491 ; Crescent Twp. Road, 18 Pa. Superior Ct. 160.

The motion to quash was based upon three distinct grounds :

1. " The termini, both of the supplied road and the vacated road, are not fixed and described with reasonable certainty, either in the petition, draft or report of viewers, and said termini are vague and uncertain." The petition sets forth " that a public road has long since been laid out in said township, leading from Marchand to Cowansburg, a portion of which road, beginning at a point in the said road opposite the north end of the coke ovens of the Penn Gas Coal Company in said township and ending at a point where the said public road crosses the property line of the Penn Gas Coal Company, your petitioners conceive has now become useless, inconvenient and burdensome to the inhabitants of said township." Assuming that the terminus a quo is sufficiently definite, as was practically admitted by the appellant at the argument, it may be admitted that the terminus ad quid might be either east or west therefrom. In the report, however, and in the draft accompanying the report the latter terminus is rendered absolutely certain. Beginning at the point in the road described opposite the north end of the coke ovens of the Penn Gas Coal Company and near the bank of the Big Sewickley creek, the viewers describe by courses and distances the part of the road to be vacated, so as to reach, with

mathematical certainty, the crossing of the property line of the Penn Gas Coal Company east of the coke ovens.   The portion of the road to supply what is vacated is described with equal certainty so that, when the report and draft were placed in the hands of the supervisors, there could be no doubt, as to the portion of the road to be vacated and as to the new or proposed road which was to take its place.   In Hector Twp. Road (No. 1), 19 Pa. Superior Ct. 120, it was said: " The draft annexed to the report is properly a part of it and is to be considered in determining as to the sufficiency of the designation of the termini."   We are of opinion, therefore, that the termini were sufficiently designated, both in the report of the viewers and on the draft attached thereto.

2. The third reason upon which the motion to quash was based is, " It does not appear from the report of viewers that the portion vacated had become or was useless, inconvenient or burdensome to the inhabitants of said township, and for that reason this court had no jurisdiction or authority to decree a vacation thereof."   Section 18, act of June 13, 1836, provides : " The courts aforesaid shall, within their respective counties, have authority, upon application to them by petition, to inquire of and to change or vacate the whole or any part of any private or public road which may have been laid out by authority of law, whenever the same shall become useless, inconvenient or burdensome, and the said courts shall proceed therein by views and reviews in the manner provided for the laying out of public roads and highways."   The averment contained in the petition for vacating is in accordance with the provisions of the act but the report of viewers contains the ground upon which they recommend the vacation of the road, which is as follows : " We are of the opinion that the same is becoming useless and inconvenient on account of the construction of a coal tipple and railroad siding by the Penn Gas Coal Company."   If the petition had contained the averment that a portion of a public road was becoming or was about to become useless, inconvenient and burdensome, we think there can be no doubt that the court would have no jurisdiction to entertain the petition and appoint viewers thereunder simply because the act expressly defines the conditions under which the court shall have jurisdiction in the premises.   When, therefore, the report of the viewers finds

that the part of the road prayed to be vacated "is becoming useless and inconvenient, on account of the construction of a coal tipple and railroad siding by the Penn Gas Coal Company," it cannot be held to mean that the road has become useless, inconvenient and burdensome because the Penn Gas Coal Company has erected and constructed a coal tipple and railroad siding thereon. The expression is an intimation of the opinion of the viewers rather than a positive statement of a fact already in existence and, inasmuch as the law provides that the courts shall have authority to vacate only when a road or portion thereof has become useless, etc., it seems clear to us that such a condition must be clearly shown by the report to exist, in order to give the court jurisdiction. The third reason should, therefore, have been sustained.

3. The fourth reason upon which the motion to quash was based was : "It does not appear from the record in this case that the notice required by the Act of May 2, 1899, P. L. 176, sec. 1, was given to the supervisors of Sewickley township." This is not such a jurisdictional defect as would compel the court to quash the proceedings. There is no denial of the fact that the required notice was given, but simply that it does not appear from the record to have been given. The report of the viewers expressly states that "due notice of the view was served on the county commissioners and the several supervisors of roads in Sewickley township." The word "due" is one of wide significance and has different meanings. One of its meanings is, "suitable, lawful, sufficient, regular," and, in the absence of an express allegation that no lawful notice was served upon the supervisors, we would be slow to hold that, because the written notice required by the act referred to was not filed among the records that, therefore, the proceedings "looking to the opening and construction of new roads for public use," would be void from the beginning. This, however, is not a proceeding looking to the opening of a new road in the sense in which we think the term is used in the act referred to, but, inasmuch as this question is not necessarily involved herein, we do not pass authoritatively upon it. In any event, the failure to comply with the provisions of this act are, by the terms of the act itself, only "sufficient grounds for an application to set aside whatever proceedings may have

been taken, of which said supervisors had no written notice as aforesaid." Such an application should ordinarily be made before confirmation absolute, particularly when it affirmatively appears by the report that the supervisors had due notice of the view.

Inasmuch as the terminus ad quid in the original petition is indefinite and the report of the viewers fails to show an existing condition which warrants the vacation of the road complained of in the petition as being useless, inconvenient and burdensome, the order of the court below overruling the motion to quash is reversed, the order confirming the report of viewers vacated and set aside and all the proceedings quashed.