# Cornplanter Township Road (No. 1).

*Road law—Termini—Petition—Report of viewers.*

A petition for a road view lies at the foundation of all subsequent proceedings, and can do no more than to state the beginning and end of the road.   Reasonable certainty in the description of the termini in the petition is requisite ; but mathematical precision often would be impracticable, and is not absolutely indispensable.

Where the objection urged against the sufficiency of the description in the petition is based on allegations of fact outside of the record, the decision of the quarter sessions overruling it will not be reversed unless manifest error has been committed, this for the obvious reason that that court having the evidence before it is in a better position to judge of the meritoriousness of the objection than the appellate court is without it.

A petition for a public road "beginning at a point on the Cherry Run road between the house of William Cromack, and a red tank in the borough of Rossville, and ending at a point on the Franklin and Warren road at or near the barn of Peter Bankson, in Cornplanter township," sufficiently designates the termini, under the facts of the case.

The designation of the termini in the report of viewers should substantially conform to that in the petition; all that is necessary is that they be described so that the road can be located with reasonable certainty.   If there is substantial conformity between the petition and the report, and either terminus is definitely fixed in the report, a defect in the description of the other terminus is not necessarily fatal ; for this may be ascertainable by tracing the courses and distances reported.

*Road law—Notice to township commissioners—Act of May 2, 1899, P. L. 176.*

Where the record of a road proceeding shows that the commissioners of

a township accepted notice of the petition, and the report of viewers sets forth that ten days' notice was given to the road commissioners of the time and place of the view " and that in pursuance to said notice a majority of said road commissioners were present at said view and concurred in the laying out of the said road," a landowner in the absence of any action by the commissioners has no standing to raise the objection that the provisions of the Act of May 2, 1899, P. L. 176, relative to notice to supervisors were not literally complied with.

*Road law—Release of damages—Report of viewers.*

While the quarter sessions may set aside a report of viewers for the reason that they made no effort to obtain releases of damages, if the extraneous evidence warrants such a finding, yet if the court overrules the exception its decision of the question of fact raised thereby is irreviewable on appeal. The only question relative to this subject which can be brought before the appellate court is as to the sufficiency of the report, and it has been authoritatively decided that it is not necessary to its validity that the viewers should state in it that they have endeavored to obtain releases, nor that in the assessment of damages they have taken into consideration the advantages accruing to the landowner from the opening of the road. It will be presumed that the viewers performed their duty and that all things were rightly done unless the contrary be shown.

*Road law—Appeals—Merits of case.*

On appeals in road proceedings the appellate court will not suffer the merits of the case to be entered into, nor reverse the order of the quarter sessions, unless for some irregularity apparent on the record, or because the court below has exceeded its jurisdiction, or has erred in its judgment in point of law.

*Road law—Misconduct of viewers—Review—Appeals.*

It is peculiarly within the province of the quarter sessions to determine whether road viewers misbehaved themselves, or whether any undue influence was brought to bear upon them, and the determination of this question will not be interfered with, except for manifest and flagrant abuse of discretion.

Argued May 18, 1904.   Appeal, No.   , April T., 1904, by Rouseville Real Estate Company, from order of Q. S. Venango Co., dismissing exceptions to report of viewers in the matter of Petition for Public Road in Cornplanter Township.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Petition for public road in Cornplanter township.

The following exceptions were filed to the report of the viewers.

1. The terminus, in the Cherry Run road, of the road prayed for as set forth in the petition, is uncertain.

2. The report does not show that the terminus in the Cherry Run road, fixed by the viewers, is the same as that prayed for in the petition.

3. The road is unnecessary for the accommodation of the public.

4. The expense of opening, constructing and maintaining said road would be a heavy and useless burden upon the taxpayers of the borough of Rouseville.

5. No written notice was given by the parties making application for the road to the supervisors of the territory through which such road is designed to be laid out, of the time and place of the view, and no copy of such written notice, duly attested, has been filed among the records of this court.

6. The road laid out by the viewers passes through the lands of this exceptant, appropriating a large part thereof, and greatly impairing the value of said lands; exceptant is therefore entitled to an award of substantial damages therefor; no damages were awarded to exceptant by said viewers, no release of said damages were asked for or obtained by said viewers, and said report does not show that any endeavor to obtain such release was made by said viewers.

7. At the time fixed for the view the viewers were entertained at dinner by petitioners for said road.

8. The viewers allowed petitioners for the road to present arguments in favor of the opening thereof in the absence of parties objecting thereto.

9. That before the view one of the viewers stated that he was in favor of the opening of the road.

On the seventh exception the court, by CRISWELL, P. J., filed the following opinion:

The 19th day of August, 1902, was fixed as the time for the meeting of the viewers. On that date Beatty and Reed, two of the viewers, were present on the premises, but the third viewer, Kennerdell, the artist, was absent. The two viewers present then adjourned until August 21, 1902, at 9 o'clock A. M. On this first date the two viewers present passed over the route of the proposed road, and had dinner at the home of Mr. Peter Bankson, one of the petitioners for the road. Whether the meal was furnished at the instance of the viewers or they were invited

by Mr. Bankson to partake of it does not appear.    Mr. Bankson says that he does not remember, but that it is likely that he invited them.    At the meeting on the 21st of August those interested were heard at length at the Rouseville end of the proposed road and then the viewers and a number of interested citizens passed over the route.    When about half the distance along the way, Mr. Kennerdell, the artist, observing that it was near noon, inquired of Mr. Berry as to where dinner could be secured, remarking that he did not want to walk all the way back to Rouseville.    He was informed that he could probably get dinner at Mr. Bankson's.    When at Mr. Bankson's barn the question as to dinner again arose, when Mr. Bankson informed all present, the viewers and those interested for and against the road, that they could have dinner at his house.    A number, including the three viewers, took dinner, the viewers paying twenty-five cents each for theirs, Mr. Bankson charging them (at the previous suggestion of Mr. Breene, representing the petitioners) in order to avoid any charge of improper conduct.    After the view had been completed and the parties returned to Rouseville, two of the viewers took a drink at the bar of the hotel with other persons present.    By whom the drinks were paid for does not appear.

We further find from the evidence that nothing was said by Mr. Bankson to the viewers or any of them in reference to the proposed road in connection with the furnishing of the entertainment referred to elsewhere except at Rouseville, where all parties interested were present, before starting over the route of the proposed road, and that any entertainment furnished by Mr. Bankson to the viewers was wholly in the line of neighborly hospitality without any significance or sinister motive or purposes to influence the viewers in their action in the premises and that it must necessarily have been so regarded by the viewers.

In view of these facts and upon the authority of Plymouth Township Road, 5 Rawle, 150, and Drumore Township Road, 7 Atl. Repr. 193, the only two cases coming to our knowledge in which expression has been given upon the question by our appellate courts, we conclude that the seventh exception is without merit and should be dismissed.

And now, March 31, 1904, after argument and due considera-

tion it is ordered that the exceptions filed to the report of the viewers by the Rouseville Real Estate Company and by the borough of Rouseville be, and the same are hereby dismissed and the said report is confirmed absolutely.

*Errors assigned* were in dismissing exceptions to report of viewers.

*F. W. Hays*, with him *Trax & Parker*, for appellant.    The indefiniteness of the termini in the petition cannot be helped by the report of viewers : Crescent Twp. Road, 18 Pa. Superior Ct. 160 ; Montgomery Twp. Road, 15 Pa. C. C. Rep. 384.

If there is an illegality in the opening of a public road and it is brought to the notice of the appellate court, even by one who has no equity, the error will be corrected : Appleby Manor Road, 1 Grant, 443.

The notice should 'be served on all the supervisors of the territory : Road in Rush Twp., 10 Pa. Dist. Rep. 650 ; Chartiers Twp. Road, 47 P. L. J. 268 ; Frankford Twp. Road, 11 Pa. Dist. Rep. 78 ; Curtin, etc., Twp. Road, 23 Pa. C. C. Rep. 328.

The facts found by the learned judge fully affirm the truth of our seventh exception : Ross Twp. Road, 4 Kulp, 67 ; Bloomsburg Twp. Road, 11 Pa. Dist. Rep. 93 ; Road in Butler Twp., 6 Kulp, 443 ; Road in Sugar Loaf Twp., 6 Kulp, 469 ; Fairmount Park Case, 6 Phila. 285 ; Eldred Twp. Road, 24 Pa. C. C. Rep. 321 ; Lykens Twp. Road, 19 Pa. C. C. Rep. 145.

A report of viewers will be set aside where they have made no attempt to procure releases of damages : North Union Twp. Road, 150 Pa. 512 ; York Twp. Road, 11 Pa. Dist. Rep. 706 ; East Hempfield Twp. Road, 20 Lanc. L. Rev. 134 ; Union Twp. Road, 17 Pa. C. C. Rep. 39 ; Plum Twp. Road, 8 P. L. J. 41.

*William J. Breene*, with him *Edmond C. Breene*, for appellee.—The termini were sufficiently designated : McConnell's Mill Road, 32 Pa. 285 ; Springfield Road, 73 Pa. 127 ; In re Road in South Abington Twp., 109 Pa. 118 ; Melon St., 182 Pa. 397.

The time and manner of service may be waived by appearance : Road from App's Tavern, 17 S. & R. 388; Rodgers v. Freemansburg Boro., 2 Pa. C. C. Rep. 518; Clinton Twp. Road, 3 Pa. C. C. Rep. 170; Road in Upper St. Clair Twp., 20 W. N. C. 369; Road in North Hopewell Twp., 5 Del. 85 ; Road in Dover Twp., 5 York Legal Record, 4 ; 1 Dillon on Munc. Corps. (4th ed.) p. 539; Phila. v. Hays, 93 Pa. 72; In re Amberson Ave., 179 Pa. 634; East Franklin Twp. Road, 8 Pa. C. C. Rep. 590; Road in Plymouth Twp., 5 Rawle, 150.

The entertainment of the viewers by the petitioners or other parties interested in procuring the result reported before the conclusion of the viewers has been reached will not be cause for setting aside their report unless the quarter sessions find that the entertainment was under circumstances evincing no sinister purpose unduly to influence the viewers. If that court so find, and has no rule prohibiting such entertainment, the Supreme Court will sustain its refusal to set aside the report : Trickett's Pa. Road Law, p. 63 ; In re Road in Drumore Twp., 3 Lancaster, 222.

A statement in the viewer's report that " We were unable to procure releases from the persons over whose premises the proposed road is to pass," will be interpreted to imply that they endeavored to procure releases : Trickett on Pa. Road Law, p. 202.

Opinion by Rice, P. J., July 28, 1904 :

The petition was for a road " beginning at a point on the Cherry Run road between the house of William Cromack, and a red tank in the borough of Rossville, and ending at a point on the Franklin and Warren road at or near the barn of Peter Bankson, in Cornplanter township." The viewers reported that they " met on the ground mentioned in said order of court ; " that " they proceeded to consider and travel over the proposed route for a public highway as prayed for and between the termini thereof as prayed for ; " that " after an examination of the same said viewers decided that a public road was and is necessary as prayed for ; " and that having regard to the shortest distance and best ground, " they proceeded to lay out the same for public use as follows : Beginning on the center

line of the Cherry Ruń road, near William Cromack's house, at a point sixty-two feet northeasterly of the north line of Fred Bassett's lot " (by courses and distances which are given) " to the center line of the Franklin and Warren road near the barn of Peter Bankson, and as shown by the attached map or plot."

The report was excepted to upon the grounds, first that the termini of the proposed road, especially the terminus at the Cherry Run road, as set forth in the petition are uncertain, second that the report does not show that the latter terminus, as fixed by the viewers, is the same as that prayed for in the petition.

1. The petition for the view lies at the foundation of all subsequent proceedings and can do no more than to state the beginning and ending. " They are the initials which describe the proceeding and limit the authority delegated by the court in its order to the viewers : " Road in Lower Merion, 58 Pa. 66, and cases there cited ; Road in O'Hara Township, 152 Pa. 319 ; Derry Township Road, 11 Pa. Superior Ct. 232 ; Road in Dunbar Twp., 12 Pa. Superior Ct. 491 ; Crescent Township Road, 18 Pa. Superior Ct. 160 ; Sewickley Township Road, 23 Pa. Superior Ct. 170. Reasonable certainty, therefore, in the description of the termini in the petition is requisite. But mathematical precision often would be impracticable, and the foregoing, as well as other cases, show that it is not absolutely indispensable : Springfield Road, 73 Pa. 127 ; Road in South Abington Twp., 109 Pa. 118 ; Road in Sterrett, 114 Pa. 627 ; Cassville Boro. Road, 4 Pa. Superior Ct. 511 ; Trickett on Roads, 25, etc. Where the objection urged against the sufficiency of the description in the petition is based on allegations of fact outside of the record, the decision of the quarter sessions overruling it will not be reversed unless manifest error has been committed ; this for the obvious reason that that court having the evidence before it is in a better position to judge of the meritoriousness of the objection than we are without it : Rostraver Township Road, 21 Pa. Superior Ct. 195, and cases there cited.

2. With regard to the designation of the termini in the report we repeat what we said in Hector Township Road No. 1, 19 Pa. Superior Ct. 120 : " It is sufficient if there be substantial conformity between the petition and the report and if they

be described so that the road can be located with reasonable certainty. If there is substantial conformity between the petition and the report, and either terminus is definitely fixed in the report, a defect in the description of the other terminus is not necessarily fatal; for this may be ascertainable by tracing the courses and distances reported: Bean's Road, 35 Pa. 280; Road in Sterrett, 114 Pa. 627, 633. See also Road in Dunbar Township, 12 Pa. Superior Ct. 491, at p. 494; Roche's Private Road, 10 Pa. Superior Ct. 87." No objection has been or can be made to the sufficiency of the description of the road as laid out by the viewers; nor do we think, taking the report as a whole, that the objection that it does not show that the terminus in the Cherry Run road, as fixed by the viewers, is the same as that prayed for is valid. True, they do not mention the red tank but they do declare in substance and effect that the road laid out by them is identical with that prayed for. The learned judge below correctly and concisely sums up the discussion by saying that they " designated definitely the point of beginning as being not only near William Cromack's house, but of a certain distance on a certain bearing from the northerly line of Fred Bassett's lot. An examination of the report, including the draft thereto attached, leaves no uncertainty as to the point of beginning and this point harmonizes with that de· scribed in the petition.

3. At the time the petition was presented there was attached to it the following, signed by all the commissioners of Corn· planter township, " And now, April 10, 1902, we, the under signed road commissioners of Cornplanter township, hereby ac· cept notice of the within petition and approve the same." The report of viewers further sets forth that ten days' notice was given to the road commissioners of the time and place of the view " and that in pursuance to said notice a majority of said road commissioners were present at said view and concurred in the laying out of the said road and approved the same." The commissioners made no application to have the proceedings set aside, filed no exceptions to the report and are not complaining here. Under the circumstances we are of opinion that the appellant has no standing to raise the objection that the provisions of the Act of May 2, 1899, P. L. 176, relative to notice to supervisors were not literally complied with.

4. While the quarter sessions may set aside a report of viewers for the reason that they made no effort to obtain releases of damages, if the extraneous evidence warrants such a finding (North Union Township Road, 150 Pa. 512), yet if the court overrules the exception its decision of the question of fact raised thereby is irreviewable on appeal. The only question relative to this subject which can be brought before the appellate court is as to the sufficiency of the report, and it has been authoritatively decided that it is not necessary to its validity " that the viewers should state in it that they have endeavored to obtain releases, nor that in the assessment of damages they have taken into consideration the advantages accruing to the landowner from the opening of the road. It will be presumed that the viewers performed their duty and that all things were rightly done unless the contrary be shown : " Road in South Abington Twp., 109 Pa. 118 ; In re Melon Street, 182 Pa. 397 ; Road in North Franklin Twp., 8 Pa. Superior Ct. 358 ; Derry Township Road, 11 Pa. Superior Ct. 232. The presumption is aided in the present case by the report for the viewers say : " Not being able to secure releases, and looking the matter well over, they deemed the road of much more value to the land of the landowners than a damage."

5. The principle is settled by innumerable decisions and is made a rule of court that upon appeal in road proceedings " this court will not suffer the merits of the case to be entered into, nor reverse the order of the quarter sessions, unless for some irregularity apparent on the record, or because the court below have exceeded their jurisdiction, or have erred in their judgment in point of law : " Rule 12. This is all that need be said relative to the exceptions which allege that this appellant was entitled to substantial damages, that the road is unnecessary for the accommodation of the public and that the expense of opening, constructing and maintaining the same would be a heavy and useless burden upon the taxpayers.

6. The remaining exceptions related to the conduct of the petitioners and viewers. But whether the viewers misbehaved themselves or whether any undue influence was brought to bear upon them, was peculiarly within the province of the quarter sessions to determine, and its determination will not be inter-

ferred with except for manifest and flagrant abuse of discretion: Road in Lower Macungie Township, 26 Pa. 221. Under the facts found by the learned judge below and set forth in his opinion and the decision of the Supreme Court in Road in Dunmore Township, 7 Atl. Repr. 193, and 4 Cent. Repr. 38, we cannot say that there was error of that kind in the overruling of these exceptions.

All assignments of error are overruled and the order is affirmed.