# Perry Township Road.

*Road law—Viewers—Review of evidence—Influencing viewers.*

On an appeal in a road case the evidence not being part of the record cannot be considered by the appellate court.

The action of the lower court in setting aside a report of viewers because the viewers had been informed of the amount of a previous award which had been set aside, will not be reviewed by the appellate court.

*Appeals—Interlocutory order—Road law.*

An order setting aside a report of viewers because of information improperly given them, is not a final order from which an appeal lies.

Argued Nov. 14, 1907.  Appeal, No. 52, Oct. T., 1907, by Jacob S. Adams, from order of Q. S. Berks Co., June T., 1906, No. 1, sustaining exceptions to report of viewers In re Private Road in Perry and Maidencreek Townships, Berks Co., Pa. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ.  Appeal quashed.

Exceptions to report of viewers.

The opinion of the Superior Court states the case.

*Error assigned* was order sustaining exceptions to report of viewers.

*C. H. Ruhl*, with him *Ira P. Rothermel*, for appellant, cited: East Brandywine Twp. Road, 5 Pa. C. C. Rep. 304; Willistown Twp. Road, 5 Pa. C. C. Rep. 303.

*D. Nicholas Schœffer*, for appellee, cited: Frankstown Twp. Road, 26 Pa. 472; Cornplanter Twp. Road, 26 Pa. Superior Ct. 20; McConnell's Mill Road, 32 Pa. 285; Willistown Twp. Road, 5 Pa. C. C. Rep. 303; Lithgow Street, 1 W. N. C. 415; Cambria Street, 75 Pa. 357; Broad Street Road, 7 S. & R. 444.

Opinion by Rice, P. J., April 20, 1908:

This is an appeal from an order sustaining exceptions to, and setting aside, a report of viewers appointed to lay out a private road.  The appeal is by the petitioner for the road.  The substance of the exceptions which were sustained is, that the viewers were informed before they made up their report that previous viewers had reported in favor of a road over the same route, and had awarded the exceptant $20.00 damages, and that their report had been set aside by the court.  As counsel for appellant well say, in a proceeding of this kind conducted informally before a jury of view in the country, such a fact as is referred to in the exceptions is likely to become generally known

and discussed in the neighborhood, and the longer the controversy is continued, the more general will become the knowledge and discussion of it. If every report of viewers must be set aside because the viewers obtain knowledge, no matter how, of the report of previous viewers and the action of the court thereupon, it is quite likely that no report will be obtained that will stand. For this, as well as other obvious reasons, no hard and fast rule of that kind should be laid down. If an interested party brings the fact to the knowledge of the viewers for the purpose of influencing their judgment, the court would be justified in not requiring positive and convincing proof that such misconduct accomplished its purpose. If, on the other hand, no interested party was responsible for bringing the fact to the knowledge of the viewers, the inquiry should be whether there is probable cause for believing that the viewers were influenced by it prejudicially to the exceptant. The proper determination of this question depends upon the facts and circumstances disclosed by the evidence in the particular case and not on any conclusive presumption of law. For example, if the evidence should show that the fact was discussed and taken into consideration by the viewers in their deliberations, the court might draw an inference which would be unwarranted in the absence of that or similar evidence. Other illustrations might be given, but it is unnecessary. The point decided is, that the fact alleged in these exceptions may or may not be ground for setting aside the report, depending upon the circumstances. The court is to exercise a sound discretion upon a view of all of them. Our revisory power is much more restricted than that of the quarter sessions, for the reason that the evidence is not part of the record, and although printed in the appellant's paper-book cannot be considered: Keller's Road, 154 Pa. 547; Jefferson Twp. Road, 3 Pa. Superior Ct. 467. Hence it has been declared that the questions whether the viewers misbehaved themselves, whether undue influence was brought to bear on them, and similar questions depending upon the evidence, are peculiarly within the province of the quarter sessions to determine, and its determination will not ordinarily be interfered with: Road in Lower Macungie Twp.,

26 Pa. 221; Cornplanter Twp. Road (No. 1), 26 Pa. Superior Ct. 20. We cannot say from the record that this case is an exception to the general rule. The principle is settled by innumerable decisions and is made a rule of court, that upon appeal in road proceedings "the court will not suffer the merits of the case to be entered into, nor reverse the order of the quarter sessions unless for some irregularity apparent on the record, or because the court below have exceeded their jurisdiction, or have erred in their judgment in point of law." Rule XII.

There is an additional reason why the appellant cannot prevail in this appeal. An appeal does not lie in a road case until there is a final order. An order quashing a report of reviewers for uncertainty is not final, Road in Selin's Grove, 2 S. & R. 419; nor is an order setting aside a report of viewers for excessive damages a final order which can be reviewed by certiorari, Road in Kiskiminitas Twp., 32 Pa. 9; nor is an order setting aside a report of viewers on the ground that they did not begin their work at the place mentioned in their posted notice, Irwin's Appeal, 7 Pa. Superior Ct. 354; nor an order discharging a rule to show cause why an appointment of rereviewers should not be revoked, Com. v. Stephens, 9 Pa. Superior Ct. 218. The reason for the rule is given in Road in Kiskiminitas Twp., 32 Pa. 9, and it is applicable here.

The appeal is quashed.