## Overton Township Road.

*Road law—Petition—Termini.*
A petition for a public road is fatally defective which specified that the road is "to connect with a proposed road" in another county.

Argued Nov. 15, 1909.    Appeal, No. 226, Oct. T., 1908, by Overton Township, from order of C. P. Bradford Co., May T., 1906, No. 164, dismissing petition to report of viewers In re Petition for Public Road in Overton Township.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.    Reversed.

Petition for a public road.
The facts appear by the opinion of the Superior Court.

*Errors assigned* were in dismissing petition to report of viewers.

*M. E. Lilley,* of *Lilley & Wilson,* for appellant.—An unopened street is an improper terminus: Plainfield Twp. Road, 6 Pa. C. C. Rep. 412; Manchester Twp. Road, 8 York County, 169; Sadsbury Road, 9 Pa. C. C. Rep. 521.

The termini of the projected road are the only means of its identification and reasonable certainty in reference thereto is essential in both the petition and the viewers' report: Derry Twp. Public Road Vacation, 11 Pa. Superior Ct. 232.

*Stephen H. Smith,* for appellee.—An unopened state or county road may be a suitable place for the termination of a public road: Road in Jefferson & Rush Twps., 2 W. N. C. 138; West Goshen Roads, 7 Pa. C. C. Rep. 250; Kyle's Road, 4 Yeates, 514; Cassville Boro. Road, 4 Pa. Superior Ct. 511; Hector Twp. Road (No. 1), 19 Pa. Superior Ct. 120; Sewickley Twp. Road, 23 Pa. Superior Ct. 170; Cornplanter Twp. Road (No. 1), 26 Pa. Superior Ct. 20.

OPINION BY ORLADY, J., July 20, 1910:

This is an appeal from the judgment of the court in a road proceeding, arising under the special law relating to roads in Bradford county. The proceeding is in the court of common pleas, but the decisions affecting this proceeding are the same as under our general road law.

The original petition was for "a road to begin at a point on the public road leading from the village of Overton to Eldresville, by the way of Sugar Ridge, where the lane of John Shanhan intersects said road; to connect with a proposed road in Elkland Township, Sullivan County, leading from a point in a public road near Frank Mullen's by way of Jasper Fawcett's residence, to Bradford County line, at which point the two proposed roads are intended to unite."

The second assignment of error raises the question of the sufficiency of the designation of the termini. The effect of not strictly complying with the statute and decisions relating to the opening of a new road, has been so fully and clearly considered by Judge RICE in Cornplanter Twp. Road (No. 1), 26 Pa. Superior Ct. 20, that we quote at length from that case as decisive of this.

"The petition for the view lies at the foundation of all subsequent proceedings and can do no more than to state the beginning and ending. They are the initials which describe the proceeding and limit the authority delegated by the court in its order to the viewers: Road in Lower Merion, 58 Pa. 66, and the cases there cited; Road in O'Hara Twp., 152 Pa. 319; Derry Twp. Road, 11 Pa. Superior Ct. 232; Road in Dunbar Twp., 12 Pa. Superior Ct. 491; Crescent Twp. Road, 18 Pa. Superior Ct. 160; Sewickley Twp. Road, 23 Pa. Superior Ct. 170. Reasonable certainty, therefore, in the description of the termini in the petition is requisite. But mathematical precision often would be impracticable, and the foregoing, as well as other cases, show that it is not absolutely indispensable: Springfield Road, 73 Pa. 127; Road in South Abington Twp., 109 Pa. 118; Road in Sterrett Twp., 114 Pa. 627; Cassville Boro. Road, 4 Pa. Superior Ct. 511."

It is sufficient if there be substantial conformity between the petition and the report, and if they be described so that the road can be located with reasonable certainty. If there is substantial conformity between the petition and the report, and either terminus is definitely fixed in the report, a defect in the description of the other terminus is not necessarily fatal; for this may be ascertainable by tracing the courses and distances: Hector Twp. Road (No. 1), 19 Pa. Superior Ct. 120; but see Kennedy Twp. Road, 40 Pa. Superior Ct. 70.

The trouble in this case is twofold. First, it is to connect with a road not yet in existence, and for aught we know may never be laid out as contemplated by the petitioners in this or in that proceeding. Second, the proposed road is in another county, "At which point the two proposed roads are intended to unite." The Bradford county court is without jurisdiction to lay out a public road in Sullivan county, even if the terminus were definitely ascertained. The ending terminus of this proposed road is so uncertain and indefinite as to location,

even if the road in Sullivan county were established by law, though unopened, that it is impossible to fix it as a point certain.

This assignment of error is sustained and the order of the court below is reversed.