## Selfridge v. Mifflin County

*A. Reed Hayes*, for plaintiff; *H. A. Lantz*, county solicitor, for defendant.

LEHMAN, P. J., January 2, 1932.—Petitioner represented that he was the owner in fee of a certain tract of land situate in Brown Township, Mifflin County, Pa.; that the Commonwealth of Pennsylvania, in the exercise of its right of eminent domain, by and through the highway department of the state, relocated and constructed a certain public highway, known and designated as Route No. 29, through and over and across the farm of the petitioner and appropriated for the purpose of said road a strip of the petitioner's land, and in other particulars therein enumerated injured and damaged said farm; that the damages thereby sustained were payable by the County of Mifflin and that the petitioner and the commissioners of said county had not been able to agree on a figure, and he, therefore, prayed the court to appoint three viewers from the board of view to estimate and determine the damages sustained by the petitioner and report thereon to the court.

In accordance with the prayer of this petitioner, the court appointed viewers, who, after being duly qualified, gave due and legal notice to the parties in interest, proceeded to the further performance of their duties, and on March 12, 1931, filed their report awarding the petitioner the sum of $3000 for damages to his premises.

The above report of the viewers was presented to the Court of Quarter Sessions of Mifflin County on March 18, 1931, and on that day was confirmed nisi.

On April 3, 1931, the petitioner filed his appeal from said award, which said appeal was entered to No. 255, May Term, 1931, of the Court of Common Pleas of Mifflin County, and subsequently, on July 24, 1931, the petitioner withdrew his said appeal.

The county solicitor, on August 25, 1931, presented the court with a petition which, after setting forth the history of the case, alleged that the award was unjust, excessive and not warranted by the facts of the case; that the petitioner's appeal relieved the County of Mifflin from the necessity of taking an appeal, and that by reason of its subsequent withdrawal by the petitioner, the rights of the county have been imperiled and denied. The petition of the county solicitor further alleged the proceedings in the case to be irregular, and concluded with a prayer that the court grant a rule on W. P. Selfridge to show cause why the confirmation of said award absolutely should not be refused and the county solicitor be permitted to take an appeal from said award in the name and on behalf of Mifflin County.

The court granted this rule on August 25, 1931, and W. P. Selfridge, in answer thereto, set forth that the filing of his appeal in no way affected the action of the county commissioners in performing any duty required of them, and prayed the court to discharge the rule at the cost of the petitioners.

Before proceeding to a consideration of whether or not the County of Mifflin may take an appeal from the award of the viewers, it is necessary to note particularly that said report was presented to the Court of Quarter Sessions of Mifflin County on March 18, 1931, and on that day was confirmed nisi. There has not as yet been a confirmation absolute of this award.

In the case of Mensch v. Columbia County, 4 D. & C. 223, the plaintiff landowner petitioned for three viewers to assess his damages and report to the court. This report was presented to the Court of Quarter Sessions of Columbia County on December 4, 1922, and on that day was confirmed nisi. On February 5, 1923, the report was again presented to the said court and was on that day confirmed absolutely. Prior to the confirmation absolute, to wit, January 2, 1923, the Commissioners of Columbia County filed an appeal to the Court of Common Pleas of Columbia County. On February 5, 1923, a rule was taken by the plaintiff landowner on the commissioners of the county to show cause why the appeal should not be quashed.

The court dismissed the motion to quash the appeal and directed the clerk of the court of quarter sessions to certify the appeal to the court of common pleas for trial.

Section twenty of the Act of April 15, 1903, P. L. 188, provided that in case any person should sustain damage by any change in grade or by the taking of land to alter the location of any highway which might be improved under this act, and the county commissioners and the parties so injured could not agree on the amount of damages sustained, such person might present his petition to the court of quarter sessions for the appointment of viewers to ascertain and assess such damage; such damage, when ascertained, to be paid by the respective counties. This act also provided that "the proceedings upon which said petition and by the viewers shall be governed by the laws relating to the assessment of damages for opening public highways."

Section sixteen of the Act of May 1, 1905, P. L. 318, reënacted section twenty of the Act of 1903.

Section three of the Act of June 8, 1907, P. L. 505, 510, amended section sixteen of the Act of 1905 by omitting the words "by any change in grade."

The Sproul Act (Act of May 31, 1911, P. L. 468) expressly repealed the Acts of 1903, 1905 and 1907, above referred to, and section sixteen of said act provided in part as follows: "The proceedings upon said petition and by the viewers shall be governed by existing laws relating to the ascertainment and assessment of damages for opening public highways."

The Act of July 18, 1917, P. L. 1040, Sec. 1, reënacts that part of the Act of 1911 above quoted.

The Act of April 6, 1921, P. L. 107, Sec. 2, repealing the Act of 1917 and amending section sixteen of the Act of 1911, provided in part as follows: "The proceedings upon said petition and by the viewers shall be governed by existing laws relating to the ascertainment and assessment of damages for opening highways; and such damages, when ascertained, shall be paid by the county in which the State Highway is located."

Throughout all of these acts the proceedings upon the petition and by the viewers were to be governed by existing laws. All of the above acts of assembly were ably traced by Potter, P. J., seventeenth judicial district, specially presiding, in Mensch v. Columbia County, supra.

By the Act of May 23, 1923, P. L. 341, section sixteen of the statute was amended to read as follows: "The proceedings upon said petition and by the viewers shall be governed by existing laws relating to the ascertainment and assessment of damages for opening public highways. The county commissioners, or any other party to such proceedings, may appeal from the award of the viewers to the court of common pleas, and shall be entitled to a trial by jury. . . ."

The last expression of the legislature in this matter was by section sixteen of the Act of May 4, 1927, P. L. 692, which amended the Act of 1923 in a minor detail and in no way pertained to the question at issue.

The Act of June 13, 1836, P. L. 551, is the foundation of the general system of acts relative to roads and highways: State Highway Route No. 72, 71 Pa. Superior Ct. 85, affirmed in 265 Pa. 369; Sharett's Road, 8 Pa. 89; Smedley v. Erwin et al., 51 Pa. 445; Meginnis et al. v. Nunamaker, 64 Pa. 374.

After the Act of 1836, it is important to notice that the Act of April 15, 1891, P. L. 17, Sec. 1, provided as follows:

"In all cases where a jury of view, review or re-review, appointed by any court of quarter sessions in this commonwealth, has or shall hereafter assess damages for the laying out, widening, grading, opening or changing the lines of grades of any public street, road or alley in this commonwealth, the county commissioners of the proper county . . . or any owner or tenant of property . . . which is affected by the change of grades, shall have the right to appeal to the court of common pleas of the proper county from the decree of the court of quarter sessions confirming the award of such jury, for the determination of the question of damages by a jury, according to the course of the common law: Provided, the appeal be taken *within thirty days after the final confirmation of the report* of said jury. . . ." (Italics ours.)

Section two of this act prescribes the mode of taking the appeal and section three repeals all other acts or parts of acts inconsistent with it.

It is also necessary to consult the Act of May 26, 1891, P. L. 116, Sec. 1, which makes in effect the same provisions as set forth in the act last quoted.

As was stated by Potter, P. J., in Mensch v. Columbia County, supra, after a very careful and exhaustive review of all of these acts, the two Acts of 1891 are in full force today and both embrace *any* reports of viewers.

Inasmuch as the acts of assembly since 1891 all provide in effect that the proceedings upon said petition and by the viewers shall be governed by existing laws relating to the ascertainment and assessment of damages for opening public roads and highways, reference was thereby made to such acts as were in force at the time of their passage, which were the two Acts of 1891 above referred to.

In the case at bar, the award of the viewers was confirmed nisi on March 18, 1931. The award or report of the viewers has not as yet been confirmed absolutely by the court. A confirmation nisi is purely an interlocutory decree. An appeal will not lie until after a final decree, and an appeal taken from an interlocutory order or decree will be quashed: Irwin's Appeal, 7 Pa. Superior Ct. 354. Manifestly, an appeal will lie only from a final determination, inasmuch as it transfers the proceeding from one body to another, and this should not be done until the first body has come to a final determination of the case. See, also, Perry Township Road, 36 Pa. Superior Ct. 131; Road in Kiskiminitas Township, 32 Pa. 9; Bough Street Road, 2 S. & R. 419.

The proceeding that should be followed at this point is the presentation of the award or report of the viewers to the court for confirmation absolute. After the award or report has been confirmed absolutely, either party is per-

mitted to appeal within thirty days from the entry of said decree. The Act of April 15, 1891, P. L. 17, provides that the appeal shall be taken within thirty days after final confirmation. The Act of May 26, 1891, P. L. 116, provides that it shall be taken within thirty days after the entry of final decree of confirmation, and not afterwards. This is contrary, in this particular, to the opinion of the learned court in the Mensch case, above cited, the court in that case holding:

"We know of no law preventing an appeal from being taken before final confirmation. In this case the appeal was taken out and nearly a month afterwards the final decree of confirmation was made. . . . We feel that the appeal should be allowed to stand. To do otherwise would be to consume time, with no benefit to either party."

The above case in this particular is not in accord with the cases above cited and we are constrained to follow the upper court's decision in Irvin's Appeal and the other cases in line.

In this instance, it might be well to mention that the Act of June 13, 1874, P. L. 283, does not interfere with the procedure outlined in accordance with the two Acts of 1891: Clarion County's Appeal, 11 D. & C. 57, 59; Vernon Park. Philadelphia's Appeal, 163 Pa. 70; Spear v. Montgomery County, 24 Pa. C. C. 177.

### Decree

Now, therefore, January 2, 1932, upon due consideration of the pleadings, the depositions and the arguments of counsel and the law submitted, it is ordered, adjudged and decreed that the rule heretofore granted is hereby discharged, with leave to the County of Mifflin to file an appeal within thirty days after final confirmation of the award of the viewers.

To this decree exception is noted for both parties and a bill is sealed for each.

From Robert Stuckenrath, Lewistown, Pa.